# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., | § § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-02397-S |
| JAMES E. GOODMAN, JR., *et al.*, | § § | |

### SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP"), the Local Civil Rules of the United States District Court for the Northern District of Texas ("LR"), and the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Northern District of Texas, the Court **ORDERS** as follows:

1. This case is set for **JURY** trial on the Court's three-week docket beginning **[April 27, 2026]** ("Trial Setting"). Trial may commence any time during this three-week docket. If the case is not reached at this setting, it will be reset after considering input from the parties. Reset or continuance of the Trial Setting does not alter the deadlines in this Order unless expressly provided by court order.

2. The parties shall mediate this case before **[Glen Ashworth]** ("Mediator") at least 90 days before the Trial Setting. The parties may not eliminate this requirement or substitute the Mediator except by leave of court. All parties must attend the mediation in person or by videoconference, as directed by the Mediator. Legal entities must provide a representative with full authority. If there is insurance involved, a representative with full authority must attend. The Mediator shall contact the Court directly if this deadline needs to be extended or if other requirements need to be altered.

3. Unless otherwise indicated, the parties may by written agreement alter the deadlines in this paragraph without the need for court order. Continuance of the Trial Setting, motion deadline, and/or the final pretrial conference requires leave of court with a showing of extraordinary good cause. Motions may become moot due to trial if filed after the deadlines in this Order. Deadlines are as follows:

    a. **July 18, 2025** – Disclosure of experts for the party with burden of proof;

    b. **August 29, 2025** – Disclosure of opposing experts;

    c. **September 30, 2025** – Disclosure of rebuttal experts;

    d. **October 30, 2025** – Discovery closes; discovery requests must be commenced in time to permit response by this date;

    e. **December 8, 2025** – All dispositive motions, including any objections to expert testimony. **This deadline must be at least 120 days before trial.** Parties may not alter by agreement this deadline for dispositive motions or motions to strike expert testimony.

4. A motion or objection to the taking of a deposition that is filed within five business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise, the deposition will not be stayed except by court order.

5. The parties shall file all pretrial materials 21 days before the Trial Setting. Failure to timely file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

    a. Pretrial order pursuant to LR 16.4;

    b. Exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and FRCP 26(a)(3). Witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and the likelihood of testimony at trial. Exhibit lists must include any materials to be shown to the jury, including demonstrative aids;

  c. Proposed jury charge or proposed findings of fact and conclusions of law. Such documents shall be both e-filed and emailed in "Word" format to Scholer_Orders@txnd.uscourts.gov. Any objections to the proposed jury charge shall be filed no later than 5 days before the final pretrial conference. Objections not so disclosed are waived unless excused by the Court for good cause;

  d. Motions in limine;

  e. Requested voir dire questions.

6. The pretrial conference shall be held on **[Monday, April 20, 2026], at 1:30 p.m.** Lead counsel must attend. The parties shall be prepared to address all exhibits, witnesses, deposition excerpts, motions in limine, trial briefs, requested voir dire questions, and any objections to such filings. The Court expects the parties to have conferred and to reach agreement where possible prior to the final pretrial conference.

**SO ORDERED.**

SIGNED August 6, 2024.

            **KAREN GREN SCHOLER**
            **UNITED STATES DISTRICT JUDGE**