# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., | § § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-02397-S |
| JAMES E. GOODMAN, JR., *et al.*, | § § | |

### RULE 26(F) REPORT OF THE PARTIES PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), the parties, respectfully submit this report to the Court of their planning meeting.

1. **Rule 26(f) Conference.** Counsel for Plaintiff, Daniel W. Van Horn, Dick Sayles, Jason Bernhardt and Adam Langley, and counsel for Defendants, Randy Pulman, Anna MacFarlane, Brittanie Zinsmeyer, Mark Billion, Paul Elkins, Tom Harkins, Michael Cancienne, Meredith Tavalaee and Chris Banker participated in a Rule 26(f) conference on August 2, 2024 by Zoom and have exchanged emails since.

**2. Initial Disclosures.** Regarding the status of initial disclosures, the parties agree that initial disclosures shall be made by September 6, 2024.

3. **Discovery Plan.** The parties propose this discovery plan:

(a)   Subject matter and scope of discovery. Discovery will be needed on the usual subjects of liability, damages and the Defendants' affirmative defenses.

(b)   E-discovery. Disclosure or discovery of electronically stored information should be handled as follows:

> Plaintiff has a large database of documents obtained as part of the Goodman Networks bankruptcy.  Plaintiff will provide a load file of those documents to all Defendants as part of its initial disclosures.  For additional documents, the Parties agree to produce in native format those kinds of documents and files that are not capable of being reproduced in a meaningful and useful way as a PDF including but not limited to Excel files. As to other file types that may just as useful in PDF format as in native, the parties may produce those documents in either format.  However, if any other party asks that a document produced in PDF format be reproduced in native format and the party has the document

in native format, the producing party shall produce the document or file in the native format.

(c) <u>Protective order terms.</u> The parties agree that it would aid the resolution of this case for a protective order to be entered limiting the use of documents produced in this case to use in this case and the related bankruptcy cases.  At this time, it is not expected that the order will contain an "attorney's eyes only" designation classification.

(d) <u>Completion of discovery.</u> The parties anticipate discovery can be completed by October 30, 2025.

(e) <u>Interrogatories.</u> The parties do not anticipate deviation from the limitation on the number of interrogatories specified in Federal Rule of Civil Procedure 33. Service of written discovery requests shall be made in sufficient advance of the discovery cutoff to allow for responses within the time permitted by the applicable rule.

(f) <u>Requests for admissions.</u> The parties expect that the number of requests for admissions served by each side will not exceed 25 requests.  Service of written discovery requests shall be made in sufficient advance of the discovery cutoff to allow for responses within the time permitted by the applicable rule.

(g) <u>Depositions.</u> It may be necessary to deviate from the limitations on the number or length of depositions specified in Federal Rule of Civil Procedure 30.  The Parties agree to reasonably cooperate to avoid duplicative or unnecessary depositions. Requests for or subpoenas compelling depositions shall be made or served in sufficient advance of the discovery cutoff to reasonably permit scheduling for counsel and deponents.

(h) <u>Expert witness disclosures.</u> Disclosure of experts for the party with the burden of proof on the issue should be completed by July 18, 2025.  Disclosure of opposing experts should be completed by August 29, 2025.  Rebuttal experts should be disclosed by September 30, 2025.

**4. Other Items.**

(a) <u>Dispositive motions.</u>  Dispositive motions shall be filed by December 8, 2025.

(b) <u>Pretrial disclosures.</u> The parties agree that final witness and exhibit lists in accordance with Rule 26(a)(3) shall be disclosed 21 days before the pre-trial conference in this matter.  Any objections to the disclosures shall be made 7 days before the pre-trial conference.

(c) <u>Trial.</u>  The parties anticipate the trial will last approximately 10 days.

(d) <u>Other matters</u>.  The parties do not consent to trial before a Magistrate Judge.

**BUTLER SNOW LLP**

By: /s/ *Daniel W. Van Horn*
DANIEL W. VAN HORN  (Pro Hac Admitted)
S. KEENAN CARTER (TX Bar No. 24006966)
R. CAMPBELL HILLYER (Pro Hac Admitted)
ADAM M. LANGLEY (Pro Hac Admitted)
KATHERINE KUCHENBECKER (Pro Hac Admitted)
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 (fax)
Danny.VanHorn@butlersnow.com
Keenan.Carter@ButlerSnow.com
Cam.Hillyer@butlersnow.com
Adam.Langley@butlersnow.com
Katherine.Kuchenbecker@butlersnow.com

**SAYLES LAW FIRM**
RICHARD A. SAYLES
Texas Bar No. 17697500
dsayles@sayleslawfirm.com
5600 W. Lovers Lane, Suite 116-363
Dallas, Texas 75209
(214) 643-8030 (Telephone)

**FEDERAL EXPRESS CORPORATION**
JASON R. BERNHARDT
Texas Bar No. 24045488
jasonbernhardt@fedex.com
3620 Hacks Cross Road, Building B
Memphis, Tennessee 38125
(901) 434-3213 (Telephone)
(901) 434-9279 (Fax)

**COUNSEL FOR PLAINTIFF FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC.**

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion has been served on all counsel of record via the Court's CM/ECF system this the 6th day of August 2024.

By: */s/ Daniel W. Van Horn*