IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:23-CV-02397-S |
| JAMES E. GOODMAN JR., et al., | § § § | |
| *Defendants*. | § | |

**DEFENDANTS JODY GOODMAN AND JONATHAN GOODMAN'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Jody Goodman and Jonathan Goodman (J&J Movants) have moved to dismiss all claims of Plaintiff FedEx Supply Chain Logistics and Electronics, Inc. (FedEx) for failure to state a claim (J&J Motion) (ECF No. 120).[1] In response to other Defendants also filing motions to dismiss, FedEx filed an Omnibus Response (ECF No. 129). Now FedEx has filed a Response to the J&J Movants' Motion to Dismiss (FedEx Response to J&J Motion) (ECF No. 130). This Reply addresses arguments made in both of FedEx's responses. FedEx's Second Amended Complaint (SAC) (ECF No. 96) should be dismissed as to the J&J Movants (and as to all other Defendants) for failure to state a claim.

A.   **Preliminary Ground for Dismissal of Whole Case—No Standing**.

FedEx argues in its Omnibus Response that this issue of standing was resolved by the Bankruptcy Court. Of course, not being parties to the bankruptcy proceeding, nor involved in the briefing process pertaining thereto, J&J Movants are not bound by that ruling:

---

[1] Defendant John Goodman filed bankruptcy following the Motion to Dismiss and the case is presently subject to the automatic stay as against him, as Plaintiff notes in it Response. Therefore, John Goodman is not included herein.

**DEFENDANTS JODY GOODMAN AND JONATHAN GOODMAN'S REPLY**            Page | 1
721709-v4

> A person who was not a party to a suit generally has not had a "full and fair opportunity to litigate" the claims and issues settled in that suit. The application of claim and issue preclusion to nonparties thus runs up against the "deep-rooted historic tradition that everyone should have his own day in court." Indicating the strength of that tradition, we have often repeated the general rule that "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."

*Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008) (citations omitted). FedEx's failure to address the J&J Movants' argument that FedEx's claims *do* belong to the Bankruptcy Estate should result in the SAC being dismissed on that ground, as to at least the J&J Movants. *See*:

> "Courts have consistently held that inadequate briefing results in a waiver of a party's argument." . . . Arguments may be waived where the party "fail[s] to adequately brief its arguments, and support them with facts, evidence, or applicable authority."

*Heritagemark, LLC v. Unum Life Ins. Co. of Am.*, No. 4:22-cv-04513, 2024 WL 1078301, 2024 U.S. Dist. LEXIS 45663, *21-22 (S.D. Tex. Feb. 8, 2024) (citations omitted); *accord Dewolff, Boberg & Assocs. v. Pethick*, No. 3:20-CV-3649-L, 2024 WL 1396267, 2024 U.S. Dist. LEXIS 58561, *43 (N.D. Tex. Mar. 31, 2024) (Lindsay, J.) ("waived certain issues by failing to address them in responding to Defendants' summary judgment motions"), *appeal filed*, No.24-10375 (5th Cir. Apr. 29, 2024).

Alternatively, in its Omnibus Response, FedEx argues that the funds in the Goodman Networks (GN) 4352 Account actually belonged to FedEx because they were obtained by fraud, in that GN did not intend to comply with its contractual obligations when it sent invoices that led FedEx to put funds in the account. However, that is *incorrect*. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) ("Deeds obtained by fraud are *voidable* rather than void, and *remain effective until set aside. Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976).") (emphasis added). Therefore, FedEx did not "own" the funds in the account. Rather, FedEx has a *fraud* claim for money damages *against GN* that FedEx can (and is) pursuing in the Bankruptcy

Court. The claim to recover the money that GN *distributed to third parties* is a *bankruptcy trustee* claim, and the J&J Movants are not bound by any contrary holding of the Bankruptcy Court:

> A **trustee** may recover property fraudulently transferred by avoiding the transfer under sections 548 and 550. According to section 550(a), **this recovered property is retained for the benefit of the <u>estate</u>**. It becomes property of the estate under section 541(a)(3) which provides that any interest the trustee recovers under section 550 becomes property of the estate.

*Sherk v. Texas Bankers Life & Loan Ins. Co. (In re Sherk)*, 918 F.2d 1170, 1176 (5th Cir. 1990) (emphasis added), *abrogated in part on other grounds*, *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992); *cf. FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125, 133 (2d Cir. 1992) ("The automatic stay prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding.") (citation omitted).

FedEx does not argue or support with authority any reason why this claim to "get the money back" from transferees is FedEx's *personal* claim, given GN's bankruptcy. It was *GN's* money when a small portion of it was, allegedly, transferred to the J&J Movants. Consequently, the *Trustee* may perhaps have a claim to recover the money for the GN estate. Then some *portion* of that may be subject to distribution to FedEx based on its fraud claim against GN. J&J Movants raised this argument in their Motion to Dismiss, and FedEx failed to respond. Therefore, FedEx's claims against at least the J&J Movants should be dismissed for lack of standing.

B.  **FedEx Has Not Stated Any RICO Claim Against Movants or Against Any Defendants**.

If FedEx's claims *are* considered as to the separate counts, FedEx agrees that all RICO claims require "three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *D&T*

*Partners, LLC v. Baymark Partners Mgmt., LLC*, 98 F.4th 198, 205 (5th Cir. 2024) (citations omitted). Also, as pointed out by the J&J Movants in their Motion, courts are leery of transforming garden-variety state law tort claims into RICO actions.

The J&J Movants maintain *all* of the grounds raised in their motion. But now that FedEx has filed its Omnibus Response and its Response to the J&J Motion, the most *obvious* flaw in the SAC is the failure to plead an *enterprise*. A RICO plaintiff must plead an enterprise with specificity. *In re MasterCard Int'l, Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002). FedEx falls far short in this regard. Specifically, FedEx *fails to identify an enterprise* **separate and apart from the commission of the predicate acts**. "[A]n association-in-fact enterprise must have an existence 'that can be defined apart from the commission of the predicate acts.'" *Guardino v. Hart*, No. 22-20278, 2023 WL 3818378, *5, 2023 U.S. App. LEXIS 13890, *12 (5th Cir. June 5, 2023) (unpublished) (citations omitted). "The 'enterprise' is not the 'pattern of racketeering activity.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (citations omitted); *see also Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 562 (5th Cir. 2015) (affirming summary judgment against RICO claim because "Zastrow's complaint alleges an enterprise created by the alleged racketeering activity itself") (citation omitted). Nothing in the SAC or in FedEx's Responses shows any commonality between the Defendants *other than* the transfer of monies out of the GN 4352 Account to various of them when the money (allegedly) should have been remitted to FedEx instead. This is nothing more than what is asserted to be the predicate acts. Accordingly, the RICO claims must be dismissed as to the J&J Movants (and as to all Defendants) for lack of any identifiable enterprise.

Furthermore, FedEx has failed to plead any injury to its business or property, as required by 18 U.S.C. § 1964(c). This is because the supposedly laundered money did not belong to FedEx. "[A]t the time the payment orders are accepted, title passes to the recipient of a wire transfer." *Zeal Global Servs. Private Ltd. v. SunTrust Bank*, 508 F. Supp. 3d 1303, 1317 (N.D. Ga. 2020) (citation omitted). As already noted above as to standing generally, FedEx's responsive argument that it maintained title due to fraudulent inducement is invalid. *Ford v. Exxon Mobil*, 235 S.W.3d at 618; *Nobles v. Marcus*, 533 S.W.2d at 926. Simply stated, since the owner of the 4352 Account, GN, is in bankruptcy, what FedEx has is a *fraud* claim against *GN* to pursue in Bankruptcy Court (as it is doing). The *Trustee* has the right to seek recovery of the alleged fraudulent transfers from the Debtor GN, for the benefit of the estate. The Trustee is pursuing those claims. If he is successful, he will distribute any recovery to *all* GN creditors *pro rata*. FedEx has no independent standing to assert RICO claims in that regard. Therefore, all RICO claims must be dismissed.

C. **As All Other Claims Are Based on State Law and There is No Diversity Jurisdiction, Dismissal of the RICO Claims Calls for Dismissal of All Other Claims as Well**.

FedEx's only argument on this point is that it *does* have RICO claims, so this point is moot. However, as shown, the RICO claims against Movants (*and against the other Defendants*) must be dismissed. All other claims are based on State law, and there is no diversity jurisdiction alleged or existing. Therefore, all claims should be dismissed. *Zucker v. Farish*, No. 3:18-CV-01790-K, 2018 WL 6570867, 2018 U.S. Dist. LEXIS 209912, *29 (N.D. Tex. Dec. 12, 2018) (Kinkeade, J.).

D. **Additionally, All State Law Claims Should Be Dismissed on the Pleadings**.

    1.    The Economic Loss Rule Argument is *Withdrawn*.

Based on the authorities FedEx advances in its Responses, J&J Movants *withdraw* the argument that all State statutory and tort claims should be dismissed under the economic loss rule.

2. Theft Liability Act.

The TTLA claim must be dismissed because Movants could not have "knowingly received stolen funds" when the funds *actually belonged to GN*, not to FedEx. *See Zeal Global*, *supra* ("as a matter of law, title to the wired funds passed to the beneficiary when the funds transfer was completed") (brackets omitted; citations omitted). Whether or not FedEx has any basis to claim that *GN breached its contract to remit* **money** *to FedEx*, this does not render the account funds themselves *stolen* (as GN had the contractual right to receive the funds and a contractual obligation to then pay FedEx a certain percentage of the funds received).

3. Conversion.

FedEx has not stated a viable conversion claim. FedEx seeks to hold these Defendants liable for "conversion" and "theft" because they knew that the source of the funds paying them came from funds originally held in GN's 4352 Account, which, in turn, came from FedEx. To establish a claim for conversion, FedEx must allege that it *owned* the money in the 4352 Account. *Rankin Constr. Nat'l Builders, L.L.C. v. Frank H. Reis, Inc.*, No. 4:17-CV-530-A, 2018 WL 1305452, *3, 2018 U.S. Dist. LEXIS 39745, *8-9 (N.D. Tex. Mar. 12, 2018) (McBryde, J.). But under FedEx's factual allegations, the money in the GN Master Services Agreement Account belonged to GN. *Zeal Global*, *supra*, 508 F. Supp. 3d at 1317; *see also Encinas v. Jackson*, 553 S.W.3d 723, 727 (Tex. App.—El Paso 2018, no pet.) (holding that money "is subject to conversion only when it can be identified as a specific chattel" and that no conversion occurs "where an indebtedness may be discharged generally by the payment of money") (citations omitted).

4. Unjust Enrichment.

 "A plaintiff may recover for unjust enrichment if the defendant has obtained a benefit *from [him]* by fraud, duress, or the taking of an undue advantage." *Scott v. Wollney*, No. 3:20-CV-2825-

721709-v4

M-BH, 2021 WL 4851852, *4, 2021 U.S. Dist. LEXIS 200882, *13 (N.D. Tex. Sept. 10, 2021) (Ramirez, M.J.) (emphasis added; citation omitted), *adopted sub nom. Scott v. Atlas Financial Holdings, Inc.*, 2021 WL 4845779, 2021 U.S. Dist. LEXIS 199858 (Oct. 18, 2021) (Lynn, C.J.), *affirmed sub nom. Scott v. Wollney*, No. 21-11161, 2022 WL 4009050, 2022 U.S. App. LEXIS 24860 (5th Cir. Sept. 2, 2022) (unpublished). FedEx's pleading shows the alleged benefit was not *from FedEx*, but rather *from GN*, since the funds belonged to GN once wired into GN's account. *Zeal Global*, 508 F. Supp. 3d at 1317.

Second, there was no "fraud, duress, or taking of undue advantage" of FedEx by the J&J Movants, who are not alleged to have made any representations to FedEx.

Moreover, "[a] claim for unjust enrichment is unavailable as there is a contract governing this dispute. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) ('The written contracts in this case foreclose any claims for unjust enrichment.')." *Blackhawk Paving, Inc. v. CPCM, LLC*, No. 4:20-CV-00048, 2021 WL 1521985, 2021 U.S. Dist. LEXIS 59546, *20-21 (E.D. Tex. Feb. 26, 2021), *adopted in part and overruled in part*, 2021 WL 1152836, 2021 U.S. Dist. LEXIS 57785 (Mar. 26, 2021); *see also Lake v. Cravens*, 488 S.W.3d 867, 907 (Tex. App.—Fort Worth 2015, no pet.) (same). "This rule [regarding unjust enrichment] is applicable not only when the plaintiff is seeking to recover in equity from the party with whom it expressly contracted, but also when the plaintiff is seeking recovery from a third party foreign to the original contract but who is alleged to have benefited from its performance." *Blackhawk*, 2021 U.S. Dist. LEXIS 59546, *21 (citations omitted). "A party cannot recover on such a theory where the subject matter is covered by an express contract, even where the parties to the lawsuit are not in privity." *Ambulatory Servs. of P.R., LLC v. Sankar Nephrology Grp., LLC*, No. 4:18-CV-916-A, 2019 WL 4192738, *9, 2019 U.S. Dist. LEXIS 150273 (N.D. Tex. Sept. 3, 2019) (McBryde, J.). Though

FedEx may have a claim *against GN* for fraudulent inducement, that ostensible right should not defeat the monies being *transferred by contract* as far as liability of *J&J Movants* under unjust enrichment under the foregoing law (apparently an *issue of first impression*).

5. <u>Common Law Fraud</u>.

Generally, to state a fraud claim under Texas state law, a plaintiff must allege that:

> (1) the defendant "made a material representation that was false"; (2) the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth"; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result.

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (citations omitted). "When a plaintiff alleges claims sounding in fraud, they must be pleaded with particularity in accordance with Federal Rule of Civil Procedure 9(b)." *Energium Health v. Gabali*, No. 3:21-CV-2951-S, 2023 WL 6392631, *3, 2023 U.S. Dist. LEXIS 175693, *7 (N.D. Tex. Sept. 29, 2023) (Scholer, J.) (citation omitted). "In other words, a plaintiff must provide the 'who, what, when, where, and how' of the alleged fraud." *Id*. FedEx has not alleged that any J&J Movant made any representations *to FedEx*, much less any representations that were material or false, much less relied upon by FedEx, much less with the specificity required by Rule 9(b).  As a result, the Court should dismiss FedEx's common law fraud claims against Jody and Jonathan.

6. <u>Civil Conspiracy</u>.

Finally, FedEx seeks to hold all Defendants liable for "civil conspiracy," which FedEx describes as "one to steal funds from [FedEx] and the [sic] launder them." SAC ¶ 822. First, FedEx uses a "shotgun" pleading approach and invokes the RICO conspiracy claims to support its

common-law conspiracy claim. *See* SAC ¶¶ 819-823.[2] There are **no** specific facts alleged in Cause No. 7 related to common law conspiracy. This claim consists of less than a page, SAC at 154-155. It is merely a "shotgun" invocation of all prior allegations in the previous *154 pages*. This alone requires dismissal. *Moore v. Carrington Mortg. Servs., LLC*, No. 3:17-cv-3132-G-BN, 2018 WL 3853711, 2018 U.S. Dist. LEXIS 136288, *8-9 (N.D. Tex. July 17, 2018) (Horan, M.J.), *adopted*, 2018 WL 3850635, 2018 U.S. Dist. LEXIS 136075 (Aug. 13, 2018) (Fish, J.). FedEx makes no response to this point except to say it has alleged plenty of other allegations *elsewhere* in the Complaint. However, that is the very thing the shotgun pleading bar was intended to address—making a lot of allegations elsewhere in the pleading and then incorporating them *in toto* into a specific count with no further elucidation. This is prohibited.

Second, these allegations do not comply with Rule 9(b) insofar as they are based on fraud by the J&J Movants. *See Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litigation)*, 623 F. Supp. 2d 798, 811, n.11 (S.D. Tex. 2009). As to the J&J Movants, FedEx makes (*elsewhere* in the SAC) the following allegations only: (a) the J&J Movants received certain funds knowing they came from the GN 4352 Account, and (b) they "facilitated" John Goodman's being selected to handle GN's bankruptcy, and *thereafter* John Goodman allegedly committed bankruptcy fraud. Neither of these two conclusory allegations, even if they could be considered in the shotgun count, alleges the "who, what, when, where, and how" of J&J's alleged participation in a conspiracy to defraud FedEx.

---

[2] "Complaints of this type set forth an excessive number [of] facts before alleging that all the provided facts support various counts in the complaint, with the result that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Zucker v. Farish*, No. 3:18-CV-01790-K, 2018 WL 6570867, 2018 U.S. Dist. LEXIS 209912, *8-9 (N.D. Tex. Dec. 12, 2018) (Kinkeade, J.) (citation and internal quotation marks omitted).

Third, for a civil conspiracy claim, the "defendant's liability is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim." *Baker v. Great Northern Energy, Inc.*, 64 F. Supp. 3d 965, 980 (N.D. Tex. 2014) (citations omitted). Since the Court should dismiss each of the SAC's tort claims, the derivative conspiracy claim must be dismissed as well. *Id.*; *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013).

Fourth, to have a conspiracy, "[t]here must be an agreement or understanding between the conspirators to inflict a wrong against, or injury on, another, a meeting of the minds on the object or course of action, and some mutual mental action coupled with an intent to commit the act which results in injury; in short, there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy." *Newby*, 623 F. Supp. 2d at 809 (citation omitted). The conspiracy claim simply fails to allege this, at least as against J&J Movants, and should be dismissed, at least as to them.

**WHEREFORE**, the SAC should be dismissed as to Movants Joseph "Jody" Goodman and Jonathan Goodman. Given that this is already the *Second* Amended Complaint (third bite at the apple), this dismissal should be *with prejudice*. *See May v. City of Arlington*, 398 F. Supp. 3d 68, 89 (N.D. Tex. 2019) (Lindsay, J.) ("three bites at the apple").

Respectfully submitted,

/s/ David A. Skeels
David A. Skeels
Texas Bar No. 24041925
dskeels@whitakerchalk.com
Lead Counsel in Charge

Robert A. Simon
Texas Bar No. 18390000
rsimon@whitakerchalk.com

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
FAX:   (817) 878-0501

**ATTORNEYS FOR DEFENDANTS
JODY GOODMAN AND JONATHAN GOODMAN**

## CERTIFICATE OF SERVICE

I hereby certify that I e-filed this document using the Court's ECF protocol on August 8th, 2024, and thereby e-served all counsel of record who have appeared.

/s/ David A. Skeels
David A. Skeels