## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>JAMES GOODMAN JR., et al.,<br><br>*Defendants*. | Civil Action No. 3:23-CV-02397 |

## THE 18920 AND AUERBACH DEFNDANTS'
## REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Hudson Clean Energy Enterprises, LLC; Alliance Texas Holdings, LLC; Shalom Auerbach; Neil Z. Auerbach; Judith Auerbach; Auerbach Partners, L.P.; Auerbach Children's Dynasty Trust u/a/d October 9, 2012; Auerbach Family Dynasty Trust u/a/d October 9, 2012 (together, "the Auerbach Defendants"); and 18920 NW 11th, LLC ("18920"); Steven Zakharyayev; and Evelina Pinkhasova (together, "the 18920 Defendants") (the Auerbach Defendants and 18920 Defendants will be collectively, the "Movants") file this Reply in Support of their Motion to Dismiss Plaintiff FedEx Supply Chain Logistics & Electronics, Inc.'s ("FedEx") Second Amended Complaint.

### SUMMARY OF REPLY

One of the natural consequences of suing numerous parties is paperwork. Rather than respond to the various, different motions to dismiss filed in response to FedEx's broad and rambling complaint, FedEx chose to file a long but exceedingly vague response which treats all of defendants as though they are all the same. But the defendants here are *not* all the same; in fact, even as alleged by FedEx, they are very different. FedEx's Response does little more than confirm that FedEx's claims *against Movants* fail.

## I.    No Article III Standing.

As the party seeking to assert federal jurisdiction, FedEx has the burden of showing that it has standing to maintain its claims against Movants. Here, that means FedEx must show how Movants' alleged laundering of GN's money affected FedEx in a "personal and individual way" that is different to any injury that such conduct would have caused to GN or its creditors.[1] FedEx does not contest that this is its burden, nor does it try to point to any allegations in its Complaint that Movants caused them any injury that is distinct from that caused to GN and its creditors. Instead, FedEx argues it carried its burden because "nearly all" of the money in GN's account should have been paid back to FedEx, and because "most of the money paid by FedEx" would go back to FedEx.[2]

FedEx is missing the point. FedEx cannot establish standing over Movants by pointing out that it alleges it was *more* damaged by Movants' alleged money laundering than GN's other creditors. Instead, FedEx must point to allegations that show that Movants' alleged acts of money laundering injured FedEx in a categorically different way than GN's other creditors. FedEx has not made, and cannot make, that showing because the money laundering FedEx alleges, if true, would have damaged all of GN's creditors in the same way: by reducing the capital available to GN to pay its debts, including those FedEx claims were owed under the contract between GN and FedEx.[3] Since FedEx does not point to any other allegations that suggest Movants caused them some unique injury, the Court must dismiss FedEx's claims. *See, e.g., Howley v. Bankers Standard Ins.*, No. 3:19-

---

[1] Defs.' Mot. to Dismiss, ECF 104 at 10 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n. 1, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)).

[2] Pl.'s Omnibus Resp. to Mots. to Dismiss, ECF 129 at 8.

[3] In a footnote, FedEx states that "Defendants standing arguments have already been evaluated and rejected" by Judge Larson. Judge Larson is not presiding over this case, and the order FedEx cites does not reference or discuss whether FedEx has *Article III standing* to pursue claims against Movants.

CV-2477-L, 2021 WL 913290, at *7 (N.D. Tex. Mar. 10, 2021) (discussing how failure to adequately address a party's arguments in a motion to dismiss waives the issue).

## II.    No RICO Claim.

In their Motion to Dismiss, Movants observed that FedEx failed to allege Movants were a part of a RICO enterprise.[4] FedEx tries to save its claim by arguing it has pled an association in fact enterprise, and claims some hierarchy exists throughout its allegations.[5] This is a post hoc revision of its allegations, as none of the paragraphs cited allege any hierarchy with certain parties at the top or controlling others. For example, FedEx claims Paragraph 322 of its Complaint demonstrates that "[Shalom] Auerbach was so involved in the planning and coordination of the enterprise that he caused two versions of a funds flow memo to be created."[6] But Paragraph 322 does not support FedEx's attempt to cast Shalom Auerbach as some top-tier mastermind or boss.. Instead, Paragraph 322 simply states "Hudson, Auerbach Partners, Neil Auerbach, and Shalom Auerbach maintained two sets of flow of funds records[.]"[7]

Moreover, FedEx's own allegations defeat its claim. FedEx's Complaint actually has a section called "the Enterprise." In it, FedEx expressly describes "the Enterprise's" purposes as: (1) isolating the stolen/defrauded funds in the 4352 account; and "launder[ing] those funds out of the 4352 Account through the various commercial transactions[.]"[8] A review of relevant caselaw demonstrates that these allegations cannot support a viable RICO claim. *See, e.g.*, *Dell, Inc. v. Mishra*, No. A-16-CV-00641-SS, 2018 WL 3717119, at *5 (W.D. Tex. Aug. 3, 2018) (determining allegations that an enterprise's purpose was to commit wire fraud as insufficient); *Zastrow v. Hous. Auto Imports Greenway*

---

[4] ECF 104 at 11.

[5] ECF 129 at 18.

[6] *Id.* (citing Pl.'s 2d Am. Compl., ECF No. 96 ¶ 322 [hereinafter, "SAC"]).

[7] SAC ¶ 322.

[8] SAC ¶ 482.

*Ltd.*, 789 F.3d 553, 561–62 (5th Cir. 2015) (determining allegations that defendants' agreement to engage in unlawful acts as the only purpose for the enterprise as insufficient).

FedEx's Response also swings and misses with respect to RICO's continuity requirement, principally because FedEx improperly treats Movants and the rest of defendants as though they were identical. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) ("[A] RICO plaintiff must plead the specified facts *as to each defendant*. It cannot . . . lump[ ] together the defendants."). Judged against FedEx's actual allegations *against Movants*, FedEx's RICO claim fails.

For example, FedEx argues that it has alleged closed-ended continuity because it alleges criminal conduct that spans twenty-three months. But FedEx does not allege *Movants* were involved in the (non-existent) RICO enterprise for twenty-three months. Instead, the Complaint suggests Movants' involvement began in December 2021 and lasted until no later than September 2022.[9] That is nine months, which is not enough to satisfy RICO's continuity requirement. *See Malvino v. Delluniversita*, 840 F.3d 223, 232 (5th Cir. 2016) (discussing the insufficiency of a seven-month timeframe and collecting cases noting timeframes of less than twelve months as not meeting the standard for closed-ended continuity).

Along the same lines, FedEx suggests that it has established open-ended continuity against Movants based on an alleged "continuing effort to launder the stolen FSCLE funds" by all defendants and because the effort to launder the funds "shows no end."[10] Again, that is obviously not true for Movants, who FedEx alleges participated in

---

[9] *See, e.g.*, SAC ¶¶ 25, 287. FedEx also attempts to use a September 2023 purchase by Shalom Auerbach of AMRR/AMR Resources in attempt to extend the alleged "pattern of racketeering activity." (ECF 129 at 13.) This clearly ignores the fact that the Bankruptcy Court approved the purchase that FedEx is referencing. *See* Order Granting Trustee's Expedited Motion to Approve Transaction with AMRR & Alliance Global Solutions, LLC, (ECF No. 349), *In re Goodman Networks, Inc.*, Cause No. 22-31641-mvl7 (N.D. Bankr. Sept. 13, 2023).

[10] ECF 129 at 13.

a series of discrete and completed transactions and nothing more.[11] When an alleged scheme is finite and has reached its conclusion, there can be no continuity. *See D&T Partners, LLC v. Baymark Partners Mgmt., LLC*, 98 F.4th 198, 210 (5th Cir. 2024) (finding there was no continuity in an alleged enterprise when the purpose alleged was just to drain a company's assets and the company had gone defunct).[12]

## III.    Without The RICO Claim, FedEx Has Not Established There is Personal Jurisdiction Over Movants.

FedEx primarily relies on the RICO statute to establish personal jurisdiction. Without having properly pleaded a RICO claim against Movants, FedEx provides no basis to establish specific personal jurisdiction over Movants.

FedEx does not even attempt to argue that there is personal jurisdiction over the 18920 Defendants outside the provision for broader RICO personal jurisdiction. And with respect to the Auerbach Defendants, FedEx's feeble attempts to claim personal jurisdiction are not sufficient.

FedEx states that "the Auerbach Defendants directed activities towards Texas including the coordination of the various schemes and plans to strip the money out of the companies and then to launder the stolen funds."[13] FedEx fails to point to any case law showing the activities FedEx alleges create such contacts that this Court exercising jurisdiction over all of FedEx's remaining claims comports with due process. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358, 141 S. Ct. 1017, 1024 (2021).

The paragraphs FedEx cites also do not reference any location,[14] acknowledge that the Auerbach Defendants conduct occurred outside of Texas, or confirm that the only

---

[11] SAC ¶¶ 300–79.

[12] FedEx also does not make any allegations to demonstrate the association's continuity, nor does it address this in its Response. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 230 (5th Cir. 2003) ("The concept of continuity has been incorporated into the enterprise requirement in order to control the scope of RICO.").

[13] ECF 129 at 30 (citing SAC ¶¶ 258, 300, 305–07, 319–20).

[14] *See, e.g.* SAC ¶ 258.

connection to Texas was via email, phone calls, or sending money to Texas. But Texas courts have found that email negotiations and telephone calls from outside the forum are not always sufficient to constitute purposeful availment. *See M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co. 512* S.W.3d 878, 887 (Tex. 2017); *Sagebrush Sols., LLC v. Health Mgmt. Sys. Inc.*, No. 2:11-cv-00182-F, 2011 WL 13128837, at *7 (N.D. Tex. Apr. 29, 2011). Should this Court dismiss the RICO claim, all other claims against Movants should be dismissed for lack of personal jurisdiction, as well.

## IV.   FedEx's Response Confirms Its Conversion Claim Must Go.

Movants' motion to dismiss argued that FedEx had failed to allege a conversion claim against them.[15] FedEx does not dispute or even address this argument, so FedEx's claims for conversion must be dismissed. *See Howley*, 2021 WL 913290, at *7 (discussing how failure to respond to a party's arguments in a motion to dismiss waives the issue).

## V.   The Relation Back Doctrine Does Not Save FedEx's Untimely Claims Against Judith Auerbach and the Auerbach Dynasty Trusts.

FedEx improperly argues its joinder of Judith Auerbach and the Auerbach Dynasty Trusts relates back to the time of its original filing. That is not correct. Fed. R. Civ. The claims against a newly added defendant only relate back to the original complaint if the untimely addition resulted from "a mistake concerning the proper party's identity." Fed. R. Civ. P. Rule 15(c)(1)(C). This rule applies only if the untimely addition "is the result of an error, such as a misnomer or misidentification." *Miller v. Mancuso*, 388 F. App'x 389, 391 (5th Cir. 2010). "[F]ailing to identify individual defendants cannot be characterized as a mistake." *Id.*

FedEx did not make a mistake in identifying Judith Auerbach or the Auerbach Dynasty Trusts; they added them *in addition to* Auerbach Partners. Such an addition, rather than a correction is not contemplated as part of the relation back doctrine as it constitutes adding a new party. Because these are new claims against new parties that

---

[15] ECF 104 at 16–17.

were not added until more than two years after the alleged misconduct, FedEx's claims against Judith Auerbach and the Auerbach Dynasty Trusts for conversion, unjust enrichment, and under the Texas Theft Liability Act are barred by Texas's two-year statute of limitations.

## VI.   Nothing in FedEx's Response Disputes that Goodman Networks is a Necessary Party.

Finally, FedEx claims that this case can move forward without Goodman Networks and that there is no requirement that all members of a conspiracy be joined.[16] FedEx does not, however, dispute that complete relief cannot be afforded if this case moves forward without joining GN, who FedEx asserts was at the heart of the alleged misconduct. FedEx also does not dispute that moving forward without Goodman Networks creates an unnecessary and inappropriate risk of double recovery, as well as potential inconsistency across courts. In addition, FedEx concedes it has an agreement with the bankruptcy trustee for recovery and notes that Movants have been part of adversary proceedings in the Goodman Networks' bankruptcy, which shows its interest and recovery would not be prejudiced if this case is dismissed.

FedEx attempts to rely on *Xie Law Offices, LLC v. Nguyen & Chen, L.L.P*, No. H-17-3566, 2018 WL 3468718, at *5 (S.D. Tex. June 28, 2018) for the proposition that not all of members of a conspiracy must be joined, but this reliance is misplaced. FedEx's use and analysis of *Xie* fails to discuss how that court's Rule 19 argument also turned on the fact that the missing party's interest would be adequately protected by other defendants. *See* 2018 WL 3468718, at *5. Given the ongoing bankruptcy and several adversarial proceedings by the Trustee against the Movants, that is not the case here. In addition, unlike in *Xie*, dismissing FedEx's claims would not deny it an adequate remedy, but would require it properly protect its interests in the pending bankruptcy matter (in fact, they admit they have already submitted a Proof of Claim and reached a settlement with

---

[16] ECF 129 at 29.

the Trustee and other creditors related to recovery). If this Court finds that FedEx has sufficiently alleged its claims and jurisdiction, then the case must still be dismissed because it lacks all necessary parties.

## CONCLUSION

FedEx's claims against the Movants should fail and nothing in FedEx's Reply changes that analysis. FedEx has not properly alleged a RICO claim against Movants, has not shown this Court could have jurisdiction otherwise, and has failed to establish its state claims. The Court should therefore dismiss all of FedEx's claims against Movants *with prejudice* because allowing FedEx to amend would be futile.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

*/s/ Joseph W. Golinkin II*
Michael Cancienne
Texas Bar No. 24055256
Joseph ("Jeb") W. Golinkin II
Texas Bar No. 24087596
Brittainie J. Zinsmeyer
State Bar No. 24115981
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713.955.4025
Facsimile: 713.955.9644
mcancienne@jlcfirm.com
jgolinkin@jlcfirm.com
bzinsmeyer@jlcfirm.com

COUNSEL FOR DEFENDANTS
SHALOM AUERBACH, NEIL AUERBACH,
HUDSON CLEAN ENERGY ENTERPRISES,
LLC, JUDITH AUERBACH, AUERBACH
PARTNERS, LP, AUERBACH CHILDREN'S
DYNNASTY TRUST, AUERBACH FAMILY
DYNASTY TRUST, and ALLIANCE TEXAS
HOLDINGS LLC; 18920 NW 11th, LLC;
STEVEN ZAKHARYAYEV; AND EVELINA
PINKHASOVA

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent to the following counsel of record by CM/ECF on August 9, 2024:

*/s/ Joseph W. Golinkin II*
Joseph W. Golinkin II

9