IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> JAMES GOODMAN JR., et al., <br><br> *Defendants*. | Civil Action No. 3:23-CV-02397 |

**DEFENDANTS SHALOM AUERBACH; NEIL AUERBACH; HUDSON CLEAN ENERGY ENTERPRISES, LLC; JUDITH AUERBACH; AUERBACH PARTNERS, L.P.; AUERBACH CHILDREN'S DYNASTY TRUST; AUERBACH FAMILY DYNASTY TRUST; ALLIANCE TEXAS HOLDINGS, LLC; 18920 NW 11TH, LLC; STEVEN ZAKHARYAYEV; AND EVELINA PINKHASOVA'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Hudson Clean Energy Enterprises, LLC; Alliance Texas Holdings, LLC; Shalom Auerbach; Neil Z. Auerbach; Judith Auerbach; Auerbach Partners, L.P.; Auerbach Children's Dynasty Trust u/a/d October 9, 2012; Auerbach Family Dynasty Trust u/a/d October 9, 2012 (together, "the Auerbach Defendants"); and 18920 NW 11th, LLC ("18920"); Steven Zakharyayev; and Evelina Pinkhasova (together, "the 18920 Defendants") (the Auerbach Defendants and 18920 Defendants will be collectively, the "Movants") file this Reply in Support of their Motion to Dismiss Plaintiff FedEx Supply Chain Logistics & Electronics, Inc.'s ("FedEx") Third Amended Complaint.

**SUMMARY OF REPLY**

One of the natural consequences of suing numerous parties is paperwork. Rather than respond to the various, different motions to dismiss filed in response to FedEx's broad and rambling complaint, FedEx chose to file a long but exceedingly vague response which treats all of defendants as though they are all the same. But the defendants here are *not* all the same; in fact, even as alleged by FedEx, they are very different. FedEx's Response does little more than confirm that FedEx's claims *against Movants* fail.

## I. No Article III Standing.

As the party seeking to assert federal jurisdiction, FedEx has the burden of showing that it has standing to maintain its claims against Movants. Here, that means FedEx must show how Movants' alleged laundering of Goodman Networks, Inc.'s ("GN") money affected FedEx in a "personal and individual way" that is different to any injury that such conduct would have caused to GN or its creditors.[1] FedEx does not contest that this is its burden, nor does it try to point to any allegations in its Complaint that Movants caused them any injury that is distinct from that caused to GN and its creditors. Instead, FedEx argues it carried its burden because "nearly all" of the money in GN's account should have been paid back to FedEx, and because "most of the money paid by FedEx" would go back to FedEx.[2]

FedEx is missing the point. FedEx cannot establish standing over Movants by pointing out that it alleges it was *more* damaged by Movants' alleged money laundering than GN's other creditors. Instead, FedEx must point to allegations that show that Movants' alleged acts of money laundering injured FedEx in a categorically different way than GN's other creditors. FedEx has not made, and cannot make, that showing because

---

[1] Defs.' Mot. to Dismiss, ECF 165 at 8 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n. 1, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)).

[2] Pl.'s Omnibus Resp. to Mots. to Dismiss, ECF 174 at 10.

2

the money laundering FedEx alleges, if true, would have damaged all of GN's creditors in the same way: by reducing the capital available to GN to pay its debts, including those FedEx claims were owed under the contract between GN and FedEx.[3] Since FedEx does not point to any other allegations that suggest Movants caused them some unique injury, the Court must dismiss FedEx's claims. *See, e.g.*, *Howley v. Bankers Standard Ins.*, No. 3:19-CV-2477-L, 2021 WL 913290, at *7 (N.D. Tex. Mar. 10, 2021) (discussing how failure to adequately address a party's arguments in a motion to dismiss waives the issue).

## II. No RICO Claim.

In their Motion to Dismiss, Movants observed that FedEx failed to allege Movants were a part of a RICO enterprise.[4] FedEx tries to save its claim by arguing it has pled an association in fact enterprise, and claims some hierarchy exists throughout its allegations.[5] This is a post hoc revision of its allegations, as none of the paragraphs cited allege any hierarchy with certain parties at the top or controlling others. For example, FedEx claims Paragraph 322 of its Complaint demonstrates that "[Shalom] Auerbach was so involved in the planning and coordination of the enterprise that he caused two versions of a funds flow memo to be created."[6] But Paragraph 322 does not support FedEx's attempt to cast Shalom Auerbach as some top-tier mastermind or boss. Instead, Paragraph 322 simply states "Hudson, Auerbach Partners, Neil Auerbach, and Shalom Auerbach maintained two sets of flow of funds records[.]"[7]

---

[3] In a footnote, FedEx states that "Defendants standing arguments have already been evaluated and rejected" by Judge Larson. ECF 174 at 9 n.5. Judge Larson is not presiding over this case, and the order FedEx cites does not reference or discuss whether FedEx has *Article III standing* to pursue claims against Movants.

[4] ECF 165 at 9.

[5] ECF 174 at 23.

[6] *Id.* (citing Pl.'s 3d Am. Compl., ECF No. 159 ¶ 322 [hereinafter, "TAC"]).

[7] TAC ¶ 322.

Moreover, FedEx's own allegations defeat its claim. FedEx's Complaint actually has a section called "the Enterprise." In it, FedEx expressly describes "the Enterprise's" purposes as: (1) isolating the stolen/defrauded funds in the 4352 account; and "launder[ing] those funds out of the 4352 Account through the various commercial transactions[.]"[8] A review of relevant caselaw demonstrates that these allegations cannot support a viable RICO claim. *See, e.g.*, *Dell, Inc. v. Mishra*, No. A-16-CV-00641-SS, 2018 WL 3717119, at *5 (W.D. Tex. Aug. 3, 2018) (determining allegations that an enterprise's purpose was to commit wire fraud as insufficient); *Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553, 561–62 (5th Cir. 2015) (determining allegations that defendants' agreement to engage in unlawful acts as the only purpose for the enterprise as insufficient).

FedEx's Response also swings and misses with respect to RICO's continuity requirement, principally because FedEx improperly treats Movants and the rest of defendants as though they were identical. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) ("[A] RICO plaintiff must plead the specified facts *as to each defendant*. It cannot . . . lump[ ] together the defendants."). Despite having had three chances to amend and specify each defendants' alleged role (with Movants pointing out this grouping deficiency every time), FedEx still fails to fix the issue and instead continues to lump all of the defendants together in its Complaint and even in its Response. Assessing at FedEx's actual allegations *against Movants*, FedEx's RICO claim fails.

For example, FedEx argues that it has alleged closed-ended continuity because it alleges criminal conduct that spans twenty-three months. But FedEx does not allege *Movants* were involved in the (non-existent) RICO enterprise for twenty-three months. Instead, the Complaint alleges the Auerbach Defendants were involved in a transaction spanning less than two months (December 9, 2021 to February 4, 2022) and that the 18920

---

[8] TAC ¶ 482.

Defendants were involved in a transaction spanning roughly three months (January 21, 2022 to April 6, 2022).[9] Such short, closed timeframes are not enough to satisfy RICO's continuity requirement. *See Malvino v. Delluniversita*, 840 F.3d 223, 232 (5th Cir. 2016) (discussing the insufficiency of a seven-month timeframe and collecting cases noting timeframes of less than twelve months as not meeting the standard for closed-ended continuity).

Along the same lines, FedEx suggests that it has established open-ended continuity against Movants based on an alleged continuing "effort to launder the money" by all defendants and because the effort to launder the funds "shows no end."[10] Again, that is obviously not true for Movants, who FedEx alleges participated in a series of discrete and completed transactions.[11] When an alleged scheme is finite and has reached its conclusion, there can be no continuity. *See D&T Partners, LLC v. Baymark Partners Mgmt., LLC*, 98 F.4th 198, 210 (5th Cir. 2024) (finding there was no continuity in an alleged enterprise when the purpose alleged was just to drain a company's assets and the company had gone defunct).[12]

FedEx also tries to claim that "[o]nly discovery will illuminate the full length of the RICO enterprise."[13] Conducting discovery to try to substantiate a plaintiff's RICO claim is not justified, and constitutes no more than a "fishing expedition." *See, e.g., Whalen v. Carter*, 21 F.3d 1109, 1994 WL 171685, at *2 (5th Cir. Apr. 28, 1994). FedEx already has more discovery than most plaintiffs at the pleading stage, given its integrated role in the Bankruptcy Proceedings (as demonstrated by its lengthy complaint which references

---

[9] *See* TAC ¶¶ 300–36, 351–72.

[10] ECF 174 at 13.

[11] TAC ¶¶ 300–79.

[12] FedEx also does not make any allegations to demonstrate the association's continuity, nor does it address this in its Response. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 230 (5th Cir. 2003) ("The concept of continuity has been incorporated into the enterprise requirement in order to control the scope of RICO.").

[13] ECF 174 at 21 n.8.

facts obtained from the bankruptcy discovery). To allow FedEx more discovery so it can try to sufficiently plead continuity for its RICO claim is improper. FedEx has had multiple opportunities to plead its case and now on its fourth chance, still has not sufficiently plead the requisite elements of RICO. It should not get another chance or a shot at discovery; instead, its RICO claim against Movants should be dismissed.

### III. Without The RICO Claim, FedEx Has Not Established There is Personal Jurisdiction Over Movants.

FedEx relies on the RICO statute to establish personal jurisdiction. Without a viable RICO claim against Movants, FedEx has no basis to establish specific personal jurisdiction over Movants.

FedEx does not even attempt to argue that there is personal jurisdiction over the 18920 Defendants outside the provision for broader RICO personal jurisdiction. And with respect to the Auerbach Defendants, FedEx's feeble attempts to claim personal jurisdiction are not sufficient.

FedEx states that "the Auerbach Defendants and those associated with them, they directed their activities towards Texas including the coordination of the various schemes and plans to strip the money out of the companies and then to launder the stolen funds."[14] FedEx fails to point to any case law that would support a finding of personal jurisdiction based on the facts FedEx points to in its response. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358, 141 S. Ct. 1017, 1024 (2021).

The paragraphs FedEx cites either do not reference any location,[15] acknowledge that Shalom Auerbach was outside of Texas,[16] or confirm that the only connection to Texas was via email, phone calls, or sending money to Texas.[17] But Texas courts have

---

[14] ECF 174 at 38 (citing TAC ¶¶ 258, 300, 305–07, 319–20).

[15] *See, e.g.* TAC ¶¶ 258, 306.

[16] *Id.* ¶¶ 300, 305, 307 .

[17] *E.g., id.* ¶¶ 307, 319.

found that email negotiations and telephone calls from outside the forum are not always sufficient to constitute purposeful availment. *See M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.* 512 S.W.3d 878, 887 (Tex. 2017); *Sagebrush Sols., LLC v. Health Mgmt. Sys. Inc.*, No. 2:11-cv-00182-F, 2011 WL 13128837, at *7 (N.D. Tex. Apr. 29, 2011). In addition, none of the paragraphs FedEx relies on include allegations of purposeful contacts by Judith Auerbach, Neil Auerbach, the 18920 Defendants, Auerbach Partners, L.P., or either of the Auerbach Trusts. As such, if this Court dismisses FedEx's RICO claim (which it should), all other claims against Movants should be dismissed for lack of personal jurisdiction, as well.

**IV.  FedEx's Response Confirms Its Conversion Claim Must Go.**

Movants' motion to dismiss argued that FedEx had failed to allege a conversion claim against them.[18] FedEx does not dispute or even address this argument, so FedEx's claims for conversion against Movants must be dismissed. *See Howley*, 2021 WL 913290, at *7 (discussing how failure to respond to a party's arguments in a motion to dismiss waives the issue).

**V.  The Relation Back Doctrine Does Not Save FedEx's Untimely Claims Against Judith Auerbach and the Auerbach Dynasty Trusts.**

FedEx improperly argues its joinder of Judith Auerbach and the Auerbach Dynasty Trusts relates back to the time of its original filing.[19] That is not correct. The claims against a newly added defendant only relate back to the original complaint if the untimely addition resulted from "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). This rule applies only if the untimely addition "is the result of an error, such as a misnomer or misidentification." *Miller v. Mancuso*, 388 F. App'x 389, 391

---

[18] ECF 165 at 14–15.
[19] ECF 174 at 37.

7

(5th Cir. 2010). "[F]ailing to identify individual defendants cannot be characterized as a mistake." *Id.*

FedEx did not make a mistake in identifying Judith Auerbach or the Auerbach Dynasty Trusts; they added them *in addition to* Auerbach Partners. Such an addition, rather than a correction, is not contemplated as part of the relation back doctrine as it constitutes adding a new party. Because these are new claims against new parties that were not added until more than two years after the alleged misconduct, FedEx's claims against Judith Auerbach and the Auerbach Dynasty Trusts for conversion, unjust enrichment, and under the Texas Theft Liability Act are barred by Texas's two-year statute of limitations.

## VI. FedEx's Arguments Against the Economic Loss Doctrine Are Flawed.

FedEx contends *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407 (Tex. 2011, and *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41 (Tex. 1998), save its claims from the economic loss doctrine. This shows a misunderstanding of Movant's argument and a misapplication of these holdings to this case.

While *Sharyland* noted that the economic loss doctrine does not always preclude tort claims against contractual strangers, it also clearly acknowledges that the economic loss doctrine can apply when there is no privity of contract between the parties. 354 S.W.3d at 419 ("[T]he question is not whether the economic loss doctrine should apply where there is no privity of contract (we have already held that it can), but whether it should apply at all in a situation like this."). The Court then goes on to state that it does not need to decide whether purely economic losses can ever be recovered in certain tort cases because it was clear that Sharyland's system *had been damaged*—there were costs of repairs that constituted a loss "unrelated to the contract." *Id.* at 420. FedEx's claims against Movants are all premised on money it claims it should have received back from

8

Goodman Networks as part of its contract with Goodman Networks. There is no alleged injury unrelated to that contract. Therefore, the *Sharyland* holding does not support FedEx's argument. Similarly, while the court in *Formosa* found that a fraudulent inducement claim can survive the economic loss doctrine, because there exists an independent legal duty apart from the contract itself, that holding pertained to fraud associated with the procurement of a contract. 960 S.W.2d at 48, 52. This case likewise does not support FedEx's arguments against Movants.[20]

## VII. Nothing in FedEx's Response Disputes that Goodman Networks is a Necessary Party.

FedEx claims that this case can move forward without Goodman Networks and that there is no requirement that all members of a conspiracy be joined.[21] FedEx does not, however, dispute that complete relief cannot be afforded if this case moves forward without joining Goodman Networks, who FedEx asserts was at the heart of the alleged misconduct. FedEx also does not dispute that moving forward without Goodman Networks creates an unnecessary and inappropriate risk of double recovery, as well as potential inconsistency across courts. In addition, FedEx concedes it has an agreement with the bankruptcy trustee for recovery and notes that Movants have been part of adversary proceedings in the Goodman Networks' bankruptcy, which shows its interest and recovery would not be prejudiced if this case is dismissed.

FedEx attempts to rely on *Xie Law Offices, LLC v. Nguyen & Chen, L.L.P*, No. H-17-3566, 2018 WL 3468718, at *5 (S.D. Tex. June 28, 2018) for the proposition that not all of members of a conspiracy must be joined, but this reliance is misplaced. FedEx's use and analysis of *Xie* fails to discuss how that court's Rule 19 argument also turned on the fact

---

[20] In fact, while *Sharyland* provides a laundry list of types of tort claims that have been allowed in the face of the economic loss doctrine, none are applicable here where literally the only injury alleged is the loss of funds that should have been returned to FedEx as part of its contract with Goodman Networks. *See* 354 S.W.3d at 418–19.

[21] ECF 174 at 35–36.

that the missing party's interest would be adequately protected by other defendants. *See* 2018 WL 3468718, at *5. Given the ongoing bankruptcy and several adversarial proceedings by the Trustee against the Movants, that is not the case here. In addition, unlike in *Xie*, dismissing FedEx's claims would not deny it an adequate remedy, but would require it properly protect its interests in the pending bankruptcy matter (in fact, they admit they have already submitted a Proof of Claim and reached a settlement with the Trustee and other creditors related to recovery).

In a last ditch effort, without citation to its pleadings or any law to support its contention, FedEx tries to claim that "Defendants . . . perpetrated the harm in this case" and since "Goodman Networks was functionally defunct" and "was a shell" it is not a necessary party.[22] Not only does this not tie into any of the relevant Rule 19(b) factors, it completely fails to acknowledge FedEx's contract was with Goodman Networks, and that this contract is the basis for all of FedEx's claims in this case.[23] Therefore, if this Court somehow finds that FedEx has sufficiently alleged its claims and that it has jurisdiction, then the case must *still* be dismissed because it lacks all necessary parties.

## CONCLUSION

FedEx's claims against the Movants should fail and nothing in FedEx's Response changes that analysis. FedEx has not properly alleged a RICO claim against Movants, has not shown this Court could have jurisdiction otherwise, and has failed to establish its

---

[22] ECF 174 at 36–37.

[23] *See, e.g.*, TAC ¶¶ 4–8, 10 (alleging Goodman Networks continued to send invoices after deciding not to perform), 19–20 (alleging Goodman Networks, as controlled by certain Goodman individuals, transferred assets out of the company), 23 (alleging Goodman Networks stopped making contractually required transfers), 322 (discussing a transfer from Goodman Networks), 365 (noting Frinzi and James Goodman acted on behalf of Goodman Networks when they bought shares from 18920).

state claims. The Court should therefore dismiss all of FedEx's claims against Movants *with prejudice* because allowing FedEx to amend would be futile.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

*/s/ Joseph W. Golinkin II*
Michael Cancienne
Texas Bar No. 24055256
Joseph ("Jeb") W. Golinkin II
Texas Bar No. 24087596
Brittainie J. Zinsmeyer
State Bar No. 24115981
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713.955.4025
Facsimile: 713.955.9644
mcancienne@jlcfirm.com
jgolinkin@jlcfirm.com
bzinsmeyer@jlcfirm.com

COUNSEL FOR DEFENDANTS SHALOM AUERBACH, NEIL AUERBACH, HUDSON CLEAN ENERGY ENTERPRISES, LLC, JUDITH AUERBACH, AUERBACH PARTNERS, LP, AUERBACH CHILDREN'S DYNNASTY TRUST, AUERBACH FAMILY DYNASTY TRUST, and ALLIANCE TEXAS HOLDINGS LLC; 18920 NW 11th, LLC; STEVEN ZAKHARYAYEV; AND EVELINA PINKHASOVA

**CERTIFICATE OF SERVICE**

This certifies that a copy of the above and foregoing was sent to the following counsel of record by CM/ECF on October 14, 2024:

*/s/ Joseph W. Golinkin II*
Joseph W. Golinkin II