IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., | § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 3:23-cv-02397 |
| JAMES E. GOODMAN, JR., *et al.*, | § § § | |
| Defendants | § § | |

**PROSPERITY BANK'S REPLY BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Prosperity Bank files this Reply in Support of its 12(b)(6) Motion for Partial Dismissal.

**I.     INTRODUCTION**

1. FedEx's Response provides no authority to save its legally insupportable RICO claim against Prosperity Bank. *First*, the Response identifies only one predicate act to support its RICO claim—bank fraud. But Fifth Circuit law makes clear that only banks can assert RICO claims predicated on bank fraud. *U.S. v. Saks*, 964 F.2d 1514, 1518 (5th Cir. 1992).

2. *Second,* FedEx's Response fails to establish either accepted form of continuity to plead a pattern of racketeering to support its RICO claim. Rather than meaningfully respond to new Fifth Circuit precedent which held that a complaint asserting that "the alleged victims are limited in number, and the scope and nature of the scheme was finite and focused on a singular objective…does not constitute a 'pattern' of racketeering conduct sufficient to state a RICO claim,[1]" FedEx boldly suggests that the most recent Fifth Circuit case "stands in contrast to many

---

[1] *D&T Partners, L.L.C. v. Baymark Partners Management, L.L.C.*, 98 F.4th 198, 202 (5th Cir. 2024).

other recent RICO cases…" Resp. at 20. When scrutinized, FedEx's Response reveals its core allegation: FedEx was the lone alleged victim of a targeted scheme. Thus, no pattern or continuity exists to support a RICO claim. Accordingly, under Fifth Circuit controlling law, FedEx's RICO claim must be dismissed.

3. FedEx's arguments in response to the motion to dismiss the other claims against Prosperity Bank fare no better. FedEx has filed a Response that ignores Prosperity Bank's arguments and cites inapposite case law. Tellingly, FedEx only points to conclusory statements made about Prosperity Bank in its Complaint, and lumps Prosperity Bank with the other defendants to disguise its nonexistent factual support for its claims against Prosperity Bank. FedEx's Counts 1, 2, 3, 4, 5, 7, and 10 must be dismissed.

## II.   ARGUMENT

**A.   FedEx's RICO claim must be dismissed because FedEx does not show the existence of a predicate act committed by Prosperity Bank.**

4. FedEx's Response concedes that it must plead at least two predicate acts for a pattern of racketeering activity. Resp. at 9. However, FedEx only claims that Prosperity Bank committed bank fraud—a predicate act that only financial institutions may claim as a RICO predicate act.[2] *Brickley for CryptoMetrics, Inc. Creditors' Trust v. ScanTech Identification Beams Systems, LLC*, 566 B.R. 815, 851-53 (W.D. Tex. 2017) (dismissing trustee's allegation of bank fraud as a predicate act for its RICO claim because the trustee is not a financial institution). Indeed, the bank fraud statute defines bank fraud as a scheme "(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under

---

[2] In FedEx's Response, FedEx discusses predicate acts of theft, mail/wire fraud, money laundering, selling/receiving stolen funds and bankruptcy fraud against the other defendants. See Resp. at 9-17. FedEx does not allege that these predicate acts were committed by Prosperity Bank or involved Prosperity Bank in any way. *Id.*

the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344.  As further explained by *U.S. v. Saks*, the only case FedEx cites in its Response, "[i]t is the financial institution itself—not its officers or agents—that is the victim of the fraud the statute proscribes." *U.S. v. Saks*, 964 F.2d at 1518.

5.      "Only financial institutions may claim bank fraud as RICO predicate act." *Brickley*, 566 B.R. at 851.  Here, FedEx has not pleaded that it is a financial institution and is obviously not one.  Therefore, FedEx cannot be a victim of bank fraud and does not have standing to assert a claim of bank fraud as a RICO predicate act.  *Id*.  As no predicate acts have been alleged, FedEx's RICO claim against Prosperity Bank must be dismissed on this basis alone.  *See Energium Health v. Gabali*, 2023 WL 6392631, at *3 (N.D. Tex. 2023) (dismissing plaintiff's RICO claim for failing to plead predicate acts of racketeering activity).

**B.   FedEx sidesteps controlling Fifth Circuit law and does not establish either accepted form of continuity.**

   **i.   FedEx has not pleaded closed continuity.**

6.      "For a series of related predicate acts to constitute a RICO 'pattern of activity,' a RICO plaintiff ***must also allege*** that the conduct was sufficiently continuous."  Resp. at 17. (emphasis added).  FedEx has not pleaded a series of related predicate acts and FedEx has not pleaded the conduct was continuous.

7.      In its Response, FedEx suggests that *D&T*, the most recent Fifth Circuit case on pleading a RICO claim, is wrong and "stands in contrast with many other RICO cases."[3]  Resp. at 20.  Yet, contrary to FedEx's own argument, FedEx cites two of the exact cases *D&T* relies on—

---

[3] FedEx invites this Court to disregard the most recent Fifth Circuit case law on pleading a RICO claim and asks the Court to instead rely on out-of-circuit and otherwise non-controlling cases cited by FedEx.  Resp. at 18-20.  While FedEx may dislike the decision of Judge Jones, Haynes and Douglas, that is not grounds to discard it.

*In re Burzynski* and *Word of Faith*—both cases where the Fifth Circuit affirmed dismissal of plaintiff's RICO claims for failing to plead continuity of racketeering activity. To borrow from the very case FedEx cites, in *Word of Faith*, the Fifth Circuit held that "where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a 'pattern of racketeering activity' has not been shown." *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996) (dismissing plaintiff's RICO claim because the alleged fraudulent acts comprising a broader plan with a single objective poses no threat of continuous activity and is insufficient for RICO purposes") (citing *In re Burzynski*, 989 F.2d 277, 743 (5th Cir. 1993) (dismissing plaintiff's RICO claim because the conduct pleaded "did not constitute or threaten long-term continuity")); *see also, D&T*, 98 F.4th at 207-208.[4]

8. Here, FedEx pleaded one single objective of stealing FedEx's funds, posing no threat of continuous activity. Resp. at 15. Realizing that this would be fatal to its RICO claim, FedEx claims without explanation that it pleaded multiple schemes. Resp. at 21. However, FedEx did not satisfy any of the three *D&T* factors to plead a RICO claim.[5]

9. *Victim*. In its Response, FedEx admits that it is the only victim. Resp. at 18-21. The Fifth Circuit instructed, "we—and our sister circuits—have been skeptical of RICO allegations when the victims of the alleged racketeering conduct are limited." *D&T*, 98 F.4th at 206.

---

[4] The Fifth Circuit in *Word of Faith* also relies on *Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1464 (5th Cir. 1991) (dismissing plaintiff's RICO claim as no threat of continued criminal acts were pleaded and "[s]hort-term criminal conduct is not the concern of RICO") and *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 244 (5th Cir. 1988) (dismissing RICO claim because " [Plaintiff] has alleged as a pattern of racketeering activity nothing more than numerous predicate acts which were necessary segments of an otherwise legitimate and singular commercial endeavor")). This standard has been the law in the Fifth Circuit for decades.

[5] In examining a pleading of closed continuity, the Fifth Circuit considers: (1) whether the alleged series of related criminal acts extended over a substantial period of time; (2) the number of victims injured; and (3) whether the unlawful conduct concerned one or more schemes. *D&T*, 98 F.4th at 205-6.

10. *Scheme/Objective*.  FedEx admits that "[a]ll of these predicate acts are connected in their overall purpose: getting stolen FSCLE funds to the Defendants."  Resp. at 15.  As held in *D&T*, "courts are reluctant to find a RICO violation when the complaint alleges unlawful conduct in pursuit of a 'single effort, over a finite period of time.'"  *D&T*, 98 F.4th at 206. (citing *World of Faith*, 90 F.3d at 123).

11. *Duration*.  Although FedEx asserts that the racketeering activity lasted for at least 23 months,[6] the time frame of the alleged racketeering activity could not be more than six and a half months.  FedEx pleads, and even illustrates in a chart in its Complaint, that the first alleged fraudulent transfer occurred over a 6-month period from December 16, 2021 to July 7, 2022.  Compl. ¶¶ 25, 249; Motion ¶ 17.

12. In *D&T*, the Fifth Circuit held that "[w]hile the plan ultimately took several years to realize, the number of victims and the nature and objective of the alleged scheme do not support an inference of a closed-ended pattern of racketeering activity."  *D&T*, 98 F.4th at 208.  Similarly, FedEx's pleading, as illustrated below, does not support an inference of a closed-ended pattern of racketeering activity.  *Id.*

| *D&T* Factors | *D&T* Pleading | FedEx's Second Amended Complaint |
|---|---|---|
| *Victim* | 1 targeted victim and 24 derivative victims. | 1 targeted victim. |
| *Scheme/Objective* | Unlawful actions to a single scheme/goal. | Unlawful actions to a single scheme/goal. |
| *Duration* | 4 years. | 6.5 months. |
| **Holding:** | **RICO claim dismissed.** | **RICO claim should be dismissed.** |

---

[6] FedEx calculates 23 months based on "November 3, 2021 when Frinzi instructed employees of Goodman Networks to stop all further payments to FSCLE" and ended in "September 2023" when the AMRR/Multiband scheme ended. Resp. at 18.  FedEx has not pleaded that either of these activities involved Prosperity Bank.

13. Accordingly, just like in *D&T*, *Word of Faith*, and *In re Burzynski*, FedEx's RICO claim must be dismissed for failure to plead a pattern of racketeering activity.

### ii. FedEx has not pleaded open continuity.

14. As FedEx has not pleaded the existence of any predicate acts committed by Prosperity Bank, the possible threat of such predicate acts being committed into the indefinite future is not plausible. This is further evident by FedEx's conclusory statement in its Response that the "defendants" will continue to launder FedEx's funds. Resp. at 18. FedEx has not alleged that <u>Prosperity Bank</u> laundered FedEx's alleged funds or was involved in the AMRR scheme, or any of the other schemes alleged by FedEx. *See generally,* Compl. and Resp. FedEx cannot lump Prosperity Bank with the other defendants when it has not pleaded a single fact to identify Prosperity Bank as having laundered funds. Therefore, FedEx has not, and cannot, plead open continuity. *D&T*, 98 F.4th at 210.

### C. FedEx fails to plead a claim for RICO conspiracy or civil conspiracy.

15. FedEx's Response does not explain how Prosperity Bank supposedly knew of the conspiracy and allegedly facilitated the criminal behavior. *See* Motion ¶¶ 33-42; *Marlin v. Moody Nat. and, N.A.*, 248 F. App'x 534, 538 (5th Cir. 2007). FedEx also fails to show the requisite meeting of the minds to commit an unlawful overt act. *See* Motion ¶¶ 33-42; *Ambulatory Services of Puerto Rico v. Sankar Nephrology Group, LLC*, No. 4:18-CV-916-A, 2019 WL 4192738, *7, 9 (N.D. Tex 2019). FedEx's Response does not attempt to address any of the case law in Prosperity Bank's Motion and instead points to a singular conclusory statement stating that "Prosperity Bank's agreement can be seen in Bater Bates accepting the fraudulent Goodman Network documents giving Frinzi control of the 4352 account even through [sic] Bates knew the documents to be fraudulent." Resp. at 30.

16. This conclusory statement does not explain how the bank's customers' documents were allegedly fraudulent, how Bater Bates knew the documents provided by the bank's customer were fraudulent, or most critically, how accepting the documents changing the customer's authority on the bank account should have signaled to Prosperity Bank that it might be participating in a scheme to defraud FedEx. Put another way, even accepting the conclusory accusations as true, they provide no support that Prosperity Bank knew anything about a scheme to direct funds away from FedEx. *See* Motion ¶¶ 33-42. Nor does this conclusory statement show a meeting of the minds to commit an unlawful, overt act to state a common law conspiracy claim. *Id.*

17. FedEx also does not identify an unlawful overt act committed by Prosperity Bank. In its Response, FedEx points to paragraphs 639 and 644 of the Complaint for the "list of overt acts" committed by each co-conspirator but Prosperity Bank is not mentioned at all in paragraphs 639 and 644 of the Complaint. Resp. at 30-31; Compl. ¶¶ 639; 644. Thus, FedEx has failed to plead claims for RICO conspiracy and civil conspiracy.

**D.  FedEx fails to plead a claim for violation under the Texas Theft Liability Act and common law theft/embezzlement/conversion.**

18. FedEx dedicates a single sentence in its Response to its defense of the pleading deficiencies regarding its Counts 2 and 3 for violation of the Texas Theft Liability Act and common law theft/embezzlement/conversion. *See* Resp. at 26. In that sentence, FedEx contends that "Prosperity Bank received some of the stolen FSCLE funds and knew the source of those funds. TAC at ¶¶ 225-233 & 252-254." *Id.* FedEx's Complaint and its Response, however, are devoid of facts explaining *how* Prosperity Bank allegedly knew that the funds in its customer account were FedEx's property and *how* Prosperity Bank had intent to deprive FedEx of its property and

unlawfully took it.[7] *See generally*, Compl. FedEx's vague, conclusory, and threadbare allegation as to Prosperity Bank's receipt of stolen funds is insufficient, as a matter of law, for FedEx to maintain a claim for violation under the Texas Theft Liability Act and a claim for common law theft/embezzlement/conversion. Counts 2 and 3 must be dismissed.

**E.      FedEx fails to plead a claim for unjust enrichment.**

19.     FedEx does not address the binding Texas law cited in Prosperity Bank's Motion illustrating that a quasi-contract claim, such as unjust enrichment, cannot be sustained where the subject matter is covered by an express contract. *Ambulatory Services*, 2019 WL 4192738 at *9. Settled Texas law precludes money-had-and-received claims "[w]hen a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Villarreal v. First Presidio Bank*, 744 Fed.Appx.204, n.5 (5th Cir. 2018). The Fifth Circuit in *Villarreal* explained that "[g]ood reason supports that rule: quasi-contract actions *presuppose* no contract governs the dispute." *Id.* This is confirmed in the two cases cited by FedEx, *Compass Bank*[8] and *Staats*,[9] in which the plaintiffs in both cases were allowed to bring quasi-contract claims for money-had-and-received because no underlying express contract existed. Therefore, because FedEx has asserted that there is an underlying valid contract, FedEx is

---

[7] FedEx does not even attempt to address Prosperity Bank's argument regarding Count 3 for common law theft/embezzlement/conversion. These are three separate causes of action brought under one claim and FedEx still has not identified which cause of action it is trying to plead. *See* Motion at ¶¶ 43-48; Resp. at 25-26.

[8] In *Compass Bank*, the Southern District of Texas granted plaintiff's motion for default on plaintiff's unjust enrichment claim where no underlying contract existed. *Compass Bank v. Villarreal*, No. L-10-8, 2011 WL 1740270 (S.D. Tex. 2011).

[9] In the 1951 Texas Supreme Court case, *Staats*, no express agreement existed between the parties. *Staats v. Miller*, 150 Tex. 581 (Tex. 1951). Rather, there, "the defendant allegedly breached an oral agreement to repair and sell a harvester, after which the defendant would return some of the proceeds to the plaintiffs." *Villarreal*, 744 Fed.Appx.204 at n.5 (citing *Staats*, 150 Tex. at 585).

precluded from asserting its quasi-contract claim of unjust enrichment against Prosperity Bank. *Id.* FedEx's Count 4 must be dismissed.

F. **FedEx fails to plead a claim for fraud to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).**

20. Fraud must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b); *Energium*, 2023 WL 6392631 at *9 (citing *Nix v. Major League Baseball*, 62 F.4th 920, 931 (5th Cir. 2023). In FedEx's Response, FedEx merely states that "Prosperity Bank received some of the stolen FSCLE funds and knew the source of those funds. TAC at ¶¶ 225-233 & 252-254." Resp. at 28. Such a conclusory statement does not rise to the level of the particularity pleading requirements of Rule 9(b). Further, the paragraphs FedEx refers to does not identify that (1) Prosperity Bank made a material representation that was false; (2) that Prosperity Bank knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) that Prosperity Bank ***intended to induce*** FedEx to act upon the representation; and (4) FedEx actually and justifiably relied upon the representation and suffered injury as a result. *Energium*, 2023 WL 6392631 at *10 (dismissing plaintiff's fraud claim for failing to plead with particularity in accordance with Rule 9(b) and failing to identify facts that would satisfy the two elements of falsity or detrimental reliance). In fact, nowhere in its Response or Complaint does FedEx plead or identify any representation that Prosperity Bank made to FedEx, let alone a false representation that FedEx relied upon at its detriment. Therefore, as in *Energium*, FedEx's Count 5 for fraud against Prosperity Bank must be dismissed because FedEx failed to plead its claim with particularity to rise to the heightened pleading standard under Federal Rule 9(b).

G. **FedEx fails to plead a claim for violation of Tex. Bus. & Com. Code § 4A.202.**

21. FedEx wholly ignores that the wire transactions at issue in this case were authorized by Prosperity Bank's customer. As the assignee and not Prosperity Bank's former customer,

FedEx attempts to create a red herring that Prosperity Bank executed unauthorized wire transfers. However, FedEx had no direct relationship with Prosperity Bank and FedEx's Response does not point to any evidence to say otherwise. FedEx is just using this as a tactic to try to make Prosperity Bank responsible for FedEx's own negligence in advancing money to an entity and neglecting to ensure that the money was returned. Because the transfers were authorized, and FedEx has not shown otherwise, FedEx cannot plead a claim for violation of Section 4A.202.

### H.     Plaintiff's Counts 1, 2, 3, 4, 5, 7, and 10 should be dismissed with prejudice.

22.     As a final matter, FedEx should not be given an opportunity to amend its Third Amended Complaint for a fourth time. Though leave to amend may be freely given, a court acts within its bounds when it denies leave because amendment would be futile. Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has found that a plaintiff's "failure to specify how amendment would cure the fundamental deficiencies in [its] pleading . . . supports the district court's determination that amendment would be futile." *Ariyan Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022). Here, FedEx did not specify what amendments it wishes to make or even attach an amended pleading. Rather, FedEx simply asks for leave to amend in the alternative "to address any possible pleading deficiencies that might concern the Court." Resp. at 38. In light of the fundamental deficiencies in the 240-page Third Amended Complaint and FedEx's failure to specify how it would remedy these deficiencies, the Court should not grant FedEx leave to amend its Complaint for a fourth time.

### III.    CONCLUSION

FedEx's Response presents no credible basis to deny the relief sought in Prosperity Bank's Motion. Prosperity Bank accordingly requests that the Court grant its Rule 12(b)(6) Motion for Partial Dismissal and dismiss FedEx's Counts 1, 2, 3, 4, 5, 7, and 10 with prejudice.

Date:  October 14, 2024

Respectfully submitted,

**JACKSON WALKER LLP**

By: */s/ Meredith S. Tavallaee*
    Christopher R. Bankler
    Texas Bar No. 24066754
    cbankler@jw.com
    Meredith Tavallaee
    Texas Bar No. 24113504
    mtavallaee@jw.com
    Hailey T. Oestreich
    Texas Bar No. 24116627
    hoestreich@jw.com
    2323 Ross Ave, Suite 600
    Dallas, Texas 75201
    Telephone: (214) 953-6000
    Facsimile: (214) 953-5822

*Counsel for Prosperity Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF system or electronic mail upon all parties entitled to receive notice in this case.

*/s/ Meredith S. Tavallaee*
Christopher R. Bankler