IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., <br><br>Plaintiff, <br><br>v. <br><br>JAMES E. GOODMAN, JR., JOHN GOODMAN, JONATHAN GOODMAN, JAKE GOODMAN, JOSEPH "JODY" GOODMAN, JAMES FRINZI, SHALOM AUERBACH, NEIL AUERBACH, JUDITH AUERBACH, STEVEN ZAKHARYAYEV, EVALINA PINKHASOVA, GNET ATC, LLC, GREATER TECH HOLDINGS, INC. f/k/a GOODMAN TELECOM HOLDINGS, LLC, GOODMAN INVESTMENT HOLDINGS, LLC, UNIFIED FIELD SERVICES, INC., AMERICAN METALS RECOVERY AND RECYCLING, INC. a/k/a MBG HOLDINGS, INC., MULTIBAND FIELD SERVICES, INC., HSB HOLDINGS, LLC f/k/a MULTIBAND GLOBAL RESOURCES, LLC, AMR RESOURCES, LLC, HUDSON CLEAN ENERGY ENTERPRISES, LLC, 18920 NW 11th, LLC, PROSPERITY BANCSHARES, INC., THE FRINZI FAMILY TRUST, ALLIANCE TEXAS HOLDINGS, LLC, AUERBACH PARTNERS, LP, AUERBACH CHILDREN'S DYNASTY TRUST, And AUERBACH FAMILY DYNASTY TRUST, <br><br>Defendants. | Civil Action No. 3:23-cv-02397 |

**JAMES FRINZI, THE FRINZI FAMILY TRUST AND MULTIBAND
<u>GLOBAL RESOURCES, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

Defendants James Frinzi ("Frinzi"), The Frinzi Family Trust (the "Trust"), and HSB Holdings, LLC f/k/a Multiband Global Resources, LLC ("Multiband Global," collectively, "Frinzi Defendants") file this Reply in Support of their Motion to Dismiss [Dkt. No. 166 (Motion), 167

1

(Brief)] Plaintiff FedEx Supply Chain Logistics & Electronics, Inc.'s ("FedEx") Third Amended Complaint ("TAC") [Dkt. 159] under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

# I.
# SUMMARY

Nothing in FedEx's Omnibus Response to Motion to Dismiss for Failure to State a Claim [Dkt. No. 174] ("Response") saves its claims from dismissal. FedEx fails to adequately allege a viable RICO enterprise or a "pattern" of racketeering activity sufficient to support its RICO claim against each Frinzi Defendant, and its remaining tort theories fail under the economic loss doctrine or other independent arguments. Many of the legal authorities cited by FedEx go against it. For example, the first case cited by FedEx to argue certain motions by (unidentified) Defendants are procedurally improper, *Sonnier v. State Farm Mut. Auto Ins. Co.*, is a case where the District Court *granted* the defendant's motion to dismiss, and the Fifth Circuit *affirmed* the dismissal.

To be sure, FedEx's Third Amended Complaint consists of hundreds of paragraphs alleging the Frinzi (and other) Defendants participated in a wide-ranging parade of horribles. But "[a] complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail. The [third] amended complaint here, although long, states little with particularity." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). For the reasons articulated in the Frinzi Defendants' Motion to Dismiss and Brief in Support, and as further explained in this reply, FedEx's Third Amended Complaint should be dismissed as to the Frinzi Defendants.

## II.
## REPLY

### A.   FedEx's "enterprise" and "racketeering" RICO allegations fail.

An enterprise "does not have to be a formal or legal entity," but "it must exist for purposes other than just to commit predicate acts." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019). FedEx alleges, "[t]he Enterprise in this case consists of each of the Defendants"[1] and that the purpose of the Enterprise was to "steal the funds from [FedEx], deposit them into a bank account located in this district and then to launder the stolen funds from that account through a series of fraudulent transactions and shell companies benefiting the Defendants."[2] A complaint that "alleges an enterprise created by the alleged racketeering activity itself," has not sufficiently pleaded "the existence of an enterprise separate and apart from the pattern of racketeering activity in which it engages." *Zastrow*, 789 F.3d at 562 (5th Cir. 2015); *Dell Inc. v. Mishra*, No. A-16-cv-00641-SS, 2018 WL 3717119, at *5 (W.D. Tex. Aug. 3, 2018).

FedEx's Response cites *In re Burzynski*, 989 F.2d 733 (5th Cir.1993) (Response at 8, 9, 17, 21) and *Word of Faith World Outreach Center Church, Inc. v. Sawyer*, 90 F.3d 118 (5th Cir. 1996) (Response at 9, 15, 17) to argue it sufficiently pleaded a pattern of racketeering activity. In *In re Burzynski*, a doctor sued an insurance company and alleged that, during the lawsuit, the insurance company (with others) committed various acts of fraud. *See generally In re Burzynski*, 989 F.2d 733. The Fifth Circuit concluded that the doctor failed to plead the continuity element of a "pattern of racketeering":

> All of the alleged predicate acts took place as part of the Burzynski I litigation, which has ended. In [*Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir.1988),], we affirmed the dismissal of a RICO claim where the plaintiff alleged multiple acts of fraud

---

[1] TAC, ¶ 481.

[2] *Id.* ¶ 59; *see also* ¶¶ 481–82.

3

> that were **part and parcel of a single, discrete and otherwise lawful commercial transaction**. In Delta, the lawful transaction was a merger; here, it is the defense of a lawsuit—which is now over. The conduct did not constitute or threaten long-term criminal activity.

*In re Burzynski*, 989 F.2d at 743 (emphasis added). In *Word of Faith*, the Fifth Circuit reached a similar conclusion under the same reasoning, affirming the district court's dismissal of the plaintiff's RICO claim:

> It is unnecessary to delve into the arcane concepts of closed-end or open-ended continuity under RICO. *Burzynski, Calcasieu,* and *Delta Truck* make clear that where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a "pattern of racketeering activity" has not been shown. In this case, the alleged predicate acts occurred during the production and airing of *PrimeTime* broadcasts concerning Tilton and his Church. The alleged acts were all part of a single, lawful endeavor—namely the production of television news reports concerning a particular subject. We agree with the district court that the Church has failed to plead a "continuity of racketeering activity, or its threat."

*Word of Faith*, 90 F.3d at 123.

FedEx's RICO claim fails because the RICO allegations against the Frinzi Defendants are "part of a single transaction" (allegedly "stealing" funds from FedEx and then "accepting" those funds), which is insufficient under *Word of Faith* and *Burzynski*. *See, e.g.*, *Word of Faith*, 90 F.3d at 123 ("It is unnecessary to delve into the arcane concepts of closed-end or open-ended continuity under RICO. [Fifth Circuit precedent] make[s] clear that where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a 'pattern of racketeering activity' has not been shown."); *Burzynski*, 989 F.2d at 743 (holding that continuity was not established because "[a]ll of the alleged predicate acts took place as part of the Burzynski I litigation, which has ended"). "While the RICO statute defines 'enterprise' broadly to include a 'group of individuals associated in fact although not a legal entity, . . . an association-in-fact enterprise must have an existence that can be defined apart from the commission of the predicate acts." *Guardino v. Hart*,

4

No. 22-20278, 2023 WL 3818378, at *5 (5th Cir. June 5, 2023). FedEx's complaint fails in this respect.

FedEx's "enterprise" allegations are the same as the alleged "racketeering activity" alleged against the Frinzi Defendants, which is fatal to FedEx's RICO claim. *See*, *e.g.*, *Zastrow*, 789 F.3d at 562 (5th Cir. 2015) (dismissing RICO claim because "Zastrow's complaint alleges an enterprise created by the alleged racketeering activity itself."); *Guardino*, 2023 WL 3818378, at *5 (affirming dismissal of RICO claim because plaintiff failed to allege "existence of an enterprise that is an entity separate and apart from" its alleged pattern of racketeering activity); *Walker*, 938 F.3d at 738–39 (same).

FedEx cites *Bradley v. Phillips Petroleum Co.* to argue its mail/wire fraud allegations are sufficient, Response at 11 (citing 527 F.Supp.2d 625, 649 (S.D. Tex. 2007) aff'd 332 Fed. App'x 397 (5th Cir. 2009)), but the court in *Bradley* dismissed the plaintiff's RICO claim under a similar argument made by the Frinzi Defendants here:

> The Curry Plaintiffs have alleged an enterprise consisting of the corporate Phillips Defendants, Pacific, and Williams & Bailey. This association, however, lacks the continuity required of a RICO enterprise; there is nothing in the Curry Plaintiffs' Fourth Amended Complaint to suggest that the enterprise existed for any reason other than to commit the alleged predicate acts. Indeed, as the Curry Plaintiffs admit, the alleged enterprise had but one purpose: to defraud the Curry Plaintiffs "of their common law right to file intentional tort claims against [Phillips] for the injuries they suffered [in the March 2000 explosion]." "In a case like this, where the enterprise's goals have been accomplished, and where those goals were achieved in a matter of months, through a discrete pattern of activity, there is no continuity." . . . . Thus, because the Curry Plaintiffs have failed to allege the existence of a RICO enterprise, and have not identified RICO persons separate from their alleged enterprise, they fail to state a claim upon which relief may be granted.

*Bradley*, 527 F. Supp. 2d at 651 (internal quotations and citations omitted). Rather than help FedEx, *Bradley* supports the Frinzi Defendants' arguments that FedEx has failed to allege (i) a

5

pattern of racketeering activity and (ii) an enterprise distinct from the alleged pattern of racketeering activity.

FedEx's response argues it pleads both open-ended and closed-ended continuity. Response at 17. This is not apparent from the Third Amended Complaint, and it conflicts with FedEx's theory that the wrongful conduct taken by the Frinzi Defendants is the theft, and receipt of, FedEx's funds.[3] But even taking as true FedEx's allegations that the alleged theft and receipt have already occurred, FedEx's allegation shows there is no threat of additional funds being "stolen" from FedEx and received by the Frinzi Defendants, because FedEx admits the fund transfers at issue stopped on June 28, 2022.[4] No "continued threat" exists. Regardless, "the Court need not resolve what type of continuity—i.e., the 'open' or 'closed' varieties discussed by the Supreme Court—is alleged, given that the predicate acts all involve the same Plaintiff and Defendants, and are not part of a larger scheme. 'Continuity cannot be established by multiple acts of fraud that are part of a single transaction.'" *Munck Wilson Mandala LLP v. Jordan*, No. 3:22-CV-01657-M, 2023 WL 5437771, at *11 (N.D. Tex. Aug. 22, 2023) (citing *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2012 WL 2864510, at *3 (N.D. Tex. July 12, 2012); *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996)).

1.  **FedEx cannot rely on bank fraud as a predicate act.**

FedEx's Response argues it has "pled that Frinzi and James Goodman worked together with agents of Prosperity Bank to gain access to the 4352 account" in support of its allegation Defendants committed bank fraud. Response at 12. This argument fails, because "bank fraud" requires the financial institution to be the victim of the fraud—not a co-conspirator, as FedEx

---

[3] TAC ¶ 59.

[4] TAC, ¶ 216.

alleges here. *See id.* In *Commercial Metals Co. v. Chazanow*, another case cited by FedEx in its Response, the court addressed the plaintiff's allegation of bank fraud as a predicate act under a RICO claim and stated, "This allegation fails as a matter of law because "[i] t is the financial institution itself . . . that is the victim of the fraud the statute proscribes." *Commercial Metals Co. v. Chazanow*, No. CIV.A. 309-CV-0808-B, 2009 WL 3853704, at *6 (N.D. Tex. Nov. 17, 2009).

### 2. FedEx has not adequately pleaded joint and several liability against the Frinzi Family Trust or Multiband Global.

FedEx relies on *Reves v. Ernst & Young* to argue, "All who participate in a RICO enterprise are liable for all of the damage caused by the enterprise." 507 U.S. 170, 184 (1993). *Reves* does not support FedEx, because there, the Supreme Court held "that 'to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs,' § 1962(c), one must participate in the operation or management of the enterprise itself." *Reves*, 507 U.S. at 185. The Supreme Court affirmed the lower court's finding that an accountant who prepared audit reports and financial statements for a farmer's cooperative was not liable under Section 1962(c). *Id.* at 186. It explained that "as both a noun and a verb in this subsection 'conduct' requires an element of direction." *Id.* at 177–78. Rejecting the argument that "any involvement in the affairs of an enterprise would satisfy the 'conduct or participate' requirement," the Supreme Court also clarified that—while "the word 'participate' makes clear that RICO liability is not limited to those with primary responsibility"—at least "some part in directing the enterprise's affairs is required." *Id.* at 178–79.

### B. FedEx's remaining tort theories fail.[5]

The Frinzi Defendants' Motion argues, "The economic loss rule generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a

---

[5] To the extent FedEx's RICO claim is a "tort," this claim is also barred by the economic loss doctrine, for the reasons described herein.

7

contract." Motion at 9–10 (citing *Suissi v. Wells Fargo Bank Nat'l Ass'n as Tr. for Soundview Home Loan Tr. 2007-OPT4, Asset-Backed Certificates, Series 2007-OPT4*, No. 3:22-CV-01545-E, 2023 WL 2700721, at *4 (N.D. Tex. Mar. 29, 2023). "[T]ort damages are generally not recoverable if the defendant's conduct would give rise to liability only because it breaches the parties' agreement." *Id.* (internal citations omitted). FedEx's Omnibus Response argues *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415–19 (Tex. 2011) and *Formosa Plastics Corp USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) preclude the economic loss doctrine argument, because FedEx alleges, in general, (i) the Defendants do not have contractual privity with FedEx and (ii) claims sounding in fraud fall outside the scope of the economic loss doctrine. [Dkt. 130 at 8–9].

This is only partially correct. In *Sharyland*, the Texas Supreme Court clarified that there is not one "economic loss rule," but several rules governing recovery of economic losses in various areas of the law. *Sharyland*, 354 S.W.3d at 415. The Court traced the history of the "economic loss rule," examining several situations in which it operated to bar recovery. *See id.* at 415–18. Citing *Southwestern Bell Telephone Co. v. DeLanney*, the Court reiterated that when a plaintiff seeks damages for breach of a duty created under a contract rather than a duty imposed by law, tort damages are precluded. *Sharyland*, 354 S.W.3d at 417. It further explained, as important here, that the *nature of the injury* most often determines what duty is breached: "When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." *Id.* (quoting *DeLanney*, 809 S.W.2d at 495).

FedEx acknowledges that the "essence of [its] case" is an alleged scheme "to steal funds from FSCLE by sending invoices to FSCLE pursuant to the funds flow with Goodman Networks with no intent to perform the reversing transactions all to build the cash balance that could then be

laundered."[6] Neither *Sharyland* nor *Formosa Plastics* preclude application of the economic loss doctrine, because the nature of the injury sought to be redressed by FedEx's tort claims—the return of the monies paid under that MSA—is the same injury that arises directly from the MSA. Even if the Frinzi Defendants are strangers to the MSA, FedEx's pleadings do not allege the harm FedEx seeks to redress through its tort claims is independent from the alleged harm arising under the MSA, so *Sharyland* and *Formosa Plastics* are not instructive here.

FedEx's conversion claim also fails independently from the economic loss rule. FedEx's Motion fails to address the Frinzi Defendants' argument that FedEx's conversion claim fails because "money" generally cannot be converted. *See* Motion at 10. As shown above, the failure to respond to this issue waives the argument. *See e.g.*, *Bradley v. Target Corp.*, No. 3:23-CV-00193-E, 2023 WL 6166475, at *2 (N.D. Tex. Sept. 21, 2023) (citing, *inter alia*, *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment)).

FedEx's tortious interference claim also fails independently from the economic loss rule. FedEx's Response argues, "Employees or agents may be liable for interference with the contract of their employer/principal and a third party if the employee/agent acted in a fashion contrary to the corporation's best interests that his actions could only have been motivated by personal interests" and that "Frinzi and James Goodman engaged in the fraudulent invoice scheme to steal money from FSCLE not to benefit Goodman Networks but to establish a pot of money that they could then launder for their own benefit."[7] FedEx's Response does not address the requirement that "a plaintiff bringing a claim for tortious interference with contract against a corporate agent

---

[6] Response at 33.

[7] Response at 29.

must allege that the corporation complained of the agent's conduct to effectively state a claim." *Adidas Am. Inc. v. Shoebacca Ltd.*, No. 3:20-CV-03248-N, 2021 WL 4399745, at *2 (N.D. Tex. Sept. 27, 2021). FedEx argues "employees of Goodman Networks expressed discomfort with continuing to invoice FSCLE with no reversing transactions occurring,"[8] but this conclusory allegation does not allege how the Frinzi Defendants "acted in a fashion so contrary to the corporation's best interests that his actions could only have been motivated by personal interests." *Id.*

### C. FedEx's unjust enrichment claim fails.

FedEx's Response correctly notes unjust enrichment is related to equitable doctrines,[9] but as courts in this District, including this Court, have recognized, this relationship does not create an independent cause of action. *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 723 (N.D. Tex. 2018) ("Courts in the Northern District of Texas tend to agree that unjust enrichment is not a standalone cause of action . . . . Therefore, the Court dismisses Plaintiffs' unjust enrichment claim with prejudice.") (internal citations omitted). Because unjust enrichment is not an independent cause of action, this claim should be dismissed.

### III.
### CONCLUSION

For these reasons, and the reasons stated in the Frinzi Defendants' Motion to Dismiss [Dkt. Nos. 166–67] the Frinzi Defendants ask the Court to dismiss all FedEx's claims against the Frinzi Defendants *with prejudice*, because allowing FedEx to amend, again, would be futile.

---

[8] Response at 29.

[9] Plaintiff cites *TIB--The Indep. BankersBank v. Canyon Cmty. Bank* to argue its unjust enrichment claim may proceed as an alternative theory, but this case does not save FedEx's unjust enrichment claim, because the Court *granted* the motion to dismiss and determine alternative pleading was not applicable. *See* Response at 26 n.9 (citing 13 F. Supp. 3d 661, 672 (N.D. Tex. 2014)).

10

| | |
|---|---|
| Dated: October 14, 2024. | Respectfully submitted,<br><br>*/s/ Paul T. Elkins*<br>Jason M. Rudd, Tex. Bar No. 24028786<br>Paul T. Elkins, Tex. Bar No. 24092383<br>**WICK PHILLIPS GOULD & MARTIN, LLP**<br>3131 McKinney Avenue, Suite 500<br>Dallas, TX 75204<br>Phone: (214) 692-6200<br>Fax: (214) 692-6255<br>Email:  jason.rudd@wickphillips.com<br>              paul.elkins@wickphillips.com<br><br>**COUNSEL FOR DEFENDANT JAMES FRINZI, FRINZI FAMILY TRUST, HSB HOLDINGS, LLC f/k/a MULTIBAND GLOBAL RESOURCES, LLC** |

## **CERTIFICATE OF SERVICE**

I certify that on October 14, 2024, a true and correct copy of the foregoing document was served by the Court's ECF noticing system on all parties that consent to such service.

*/s/ Paul T. Elkins*
Paul T. Elkins