UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-02397 |
| | § | |
| JAMES E. GOODMAN, JR., JOHN GOODMAN, JONATHAN GOODMAN, JAKE GOODMAN, JOSEPH "JODY" GOODMAN, JAMES FRINZI, SHALOM AUERBACH, NEIL AUERBACH, JUDITH AUERBACH, STEVEN ZAKHARYAYEV, EVALINA PINKHASOVA, GOODMAN INVESTMENT HOLDINGS, LLC, UNIFIED FIELD SERVICES, INC., HSB HOLDINGS, LLC, F/K/A MULTIBAND GLOBAL RESOURCES, LLC, HUDSON CLEAN ENERGY ENTERPRISES, LLC, 18920 NW 11TH, LLC, PROSPERITY BANK, THE FRINZI FAMILY TRUST, ALLIANCE TEXAS HOLDINGS, LLC, AUERBACH PARTNERS, LP, AUERBACH CHILDREN'S DYNASTY TRUST, AND AUERBACH FAMILY DYNASTY TRUST, | § § § § § § § § § § § § § § § § | |
| | § | |
| DEFENDANTS | § | |

---

**DEFENDANTS JAMES E. GOODMAN, JR.'S, GOODMAN INVESTMENT HOLDINGS, LLC'S, AND UNIFIED FIELD SERVICES, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

---

COME NOW James E. Goodman, Jr. ("James E. Goodman"), Goodman Investment Holdings, LLC ("GIH"), and Unified Field Services, Inc. ("UFS") and file their Answer to Plaintiff FedEx Supply Chain Logistics & Electronics, Inc.'s ("Plaintiff" or "FedEx") Third Amended Complaint [Dkt. No. 159] (the "Complaint"). James E. Goodman, GIH, and UFS (collectively "James E. Goodman Defendants") expressly deny all allegations made in the Plaintiff's Complaint, whether express or implied, that are not specifically admitted or denied below.

1

## NATURE OF THE ACTION

1.  The James E. Goodman Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.  The James E. Goodman Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.  The James E. Goodman Defendants deny that Goodman Networks was a party to the Master Services Agreement. The James E. Goodman Defendants admit the remaining allegations contained in paragraph 3 of the Complaint.

4.  The James E. Goodman Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.  The James E. Goodman Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.  The James E. Goodman Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 7 of the Complaint and therefore deny the same.

8.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint and therefore deny the same.

9.  The James E. Goodman Defendants lack sufficient knowledge with which to admit or deny paragraph 9 of the Complaint and therefore deny the same.

10.  The James E. Goodman Defendants deny that James Goodman made the decision to "unilaterally disrupt" the automated funds transfer to FedEx or to no longer perform reversing transactions in November 2021. The James E. Goodman Defendants lack sufficient knowledge to

admit or deny whether FedEx was alerted to any decisions made by others to disrupt automated funds transfer or to no longer perform reversing transactions and therefore deny the same.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether unnamed "others" made the decisions described and therefore deny the same. The James E. Goodman Defendants admit the remaining allegations contained in paragraph 10 of the Complaint.

11.     The James E. Goodman Defendants deny that James E. Goodman took part in the "decision" referenced in paragraph 11.  The James E. Goodman Defendants admit the remaining allegations in paragraph 11.

12.     The James E. Goodman Defendants admit the allegations contained in paragraph 12.

13.     The James E. Goodman Defendants lack sufficient knowledge with which to admit or deny whether unnamed "others" took part in the decisions described in paragraph 13 of the Complaint and therefore deny the same.  The James E. Goodman Defendants admit the remainder of paragraph 13 of the Complaint.

14.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny what FedEx knew and therefore deny that the information paragraph 14 was unknown to FedEx.  The James E. Goodman Defendants admit that AT&T filed an arbitration against Genesis-ATC in February 2020.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 14 and therefore deny the same.

15.     The James E. Goodman Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.     The James E. Goodman Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     The James E. Goodman Defendants admit the allegations in the first sentence of paragraph 17.  The James E. Goodman Defendants deny the remaining allegations in paragraph 17.

18.     The James E. Goodman Defendants consider paragraph 18 to be ambiguous and, as such, lack sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

19.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 19 and therefore deny the same.

20.     The James E. Goodman Defendants admit that a sale of assets from Goodman Networks to UFS took place in June 2021 and that James E. Goodman controlled UFS.  The James E. Goodman Defendants deny that Goodman Networks was controlled by James E. Goodman in June 2021.  The James E. Goodman Defendants deny that this transaction stripped significant value out of Goodman Networks or contributed to its eventual bankruptcy.

21.     The James E. Goodman Defendants admit that Genesis-ATC caused certain business assets to be transferred to GIH and that GIH is owned and controlled in substantial part by James E. Goodman.  The James E. Goodman Defendants admit that Endeavor is owned and controlled in substantial part by James E. Goodman.  The James E. Goodman defendants deny the remaining allegations in paragraph 21.

22.     The James E. Goodman Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     The James E. Goodman Defendants deny that they caused invoices to be sent to FedEx with no intention to perform the full transactions.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether FedEx was notified of various decisions, sales, or

4

transfers and therefore deny the same.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether unnamed "others" took part in the decisions described and therefore deny the same.  The James E. Goodman Defendants admit the remaining allegations in paragraph 23.

24.     The James E. Goodman Defendants admit that Jim Frinzi authored the memo described in paragraph 24 of the Complaint.  The James E. Goodman Defendants deny that they "affirmatively hid[]" this memo from FedEx.

25.     The James E. Goodman Defendants admit that they entered into transactions involving Shalom Auerbach, Neil Auerbach, Steven Zakharyayev, Evalina Pinkhasova, and entities controlled by the same between December 2021 and June 2022.  The James E. Goodman Defendants deny that these transactions were fraudulent.  The James E. Goodman Defendants deny the remaining allegations in paragraph 25.

26.     The James E. Goodman Defendants deny the transactions described were fraudulent.

a.      The James E. Goodman Defendants deny the allegations contained in paragraph 26(a) insofar as they relate to James Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 26(a) insofar as they relate to Shalom Auerbach, Steven Zakharyayev, Evalina Pinkhasova, or their affiliated entities and therefore deny the same.  The James E. Goodman Defendants admit the allegations insofar as they relate to Jim Frinzi except that the James E. Goodman Defendants lack sufficient knowledge to admit or deny that AMRR never intended to pay its note and therefore deny the same.

b.      The James E. Goodman Defendants deny the characterizations of events in paragraph 26(b) and therefore deny the same.

     c.     The James E. Goodman Defendants deny the characterizations of events in paragraph 26(c) and therefore deny the same.

     d.     The James E. Goodman Defendants deny the allegations contained in paragraph 26(d).

27.     The James E. Goodman Defendants deny the allegations contained in paragraph 27.

28.     The James E. Goodman Defendants deny the allegations contained in paragraph 28.

## PARTIES AND KEY PLAYERS

29.     The James E. Goodman Defendants admit the allegations contained in paragraph 29.

30.     The James E. Goodman Defendants admit the allegations contained in paragraph 30.

31.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 31.

32.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 32.

33.     The James E. Goodman Defendants admit the allegations contained in paragraph 33.

34.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 34.

35.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 35.

36.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 36.

4900-8464-0058, v. 5

37.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 37.

38.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 38.

39.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 39.

40.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 40.

41.     The James E. Goodman Defendants admit the allegations contained in paragraph 41.

42.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 42.

43.     The James E. Goodman Defendants admit the allegations contained in paragraph 43.

44.     The James E. Goodman Defendants deny that Unified Field Services is an active Texas corporation and therefore deny the allegations in paragraph 44.  However, service has been accepted on behalf of Unified Field Services.

45.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 45.

46.     The James E. Goodman Defendants admit the allegations contained in paragraph 46.

47.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 47.

4900-8464-0058, v. 5

48.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 48.

49.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 49.

50.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 50.

51.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 51.

52.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 52.

53.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 53.

54.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 54.

55.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 55.

56.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 56.

## **PARTIES AND KEY PLAYERS**

57.     Paragraph 57 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 57.

58.     Paragraph 58 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 58.

4900-8464-0058, v. 5

59.     Venue is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants admit that a substantial part of the events giving rise to the case occurred in this district.  The James E. Goodman Defendants deny the characterization of the underlying transactions involved in this lawsuit as stealing/theft, fraud, an enterprise, or conspiracy of any sort.  The James E. Goodman Defendants admit that GNET ATC, MFS, and UFS are or have been located in this district and that the Master Services Agreement was, at times, performed by one or more companies located in this district.  The James E. Goodman Defendants deny all other allegations contained in paragraph 59.

## PARTIES AND KEY PLAYERS

60.     The James E. Goodman Defendants admit the allegations contained in paragraph 60.

61.     The James E. Goodman Defendants admit the allegations contained in paragraph 61.

62.     The James E. Goodman Defendants admit the allegations contained in paragraph 62.

63.     The James E. Goodman Defendants admit the allegations contained in paragraph 63.

64.     The James E. Goodman Defendants admit the allegations contained in paragraph 64.

65.     The James E. Goodman Defendants admit the allegations contained in paragraph 65.

66.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether the circumstances described in paragraph 66 were unknown to FedEx and therefore deny

the same.   The James E. Goodman Defendants admit the remaining allegations contained in paragraph 66.

67.     The James E. Goodman Defendants admit the allegations contained in paragraph 67.

68.     The James E. Goodman Defendants admit the allegations contained in paragraph 68.

69.     The James E. Goodman Defendants admit the allegations contained in paragraph 69.

70.     The James E. Goodman Defendants deny the allegations contained in paragraph 70.

71.     The James E. Goodman Defendants admit the allegations contained in paragraph 71.

72.     The James E. Goodman Defendants admit the allegations contained in the first sentence of paragraph 72.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether the occurrence described was disclosed to FedEx and therefore deny that it was not disclosed.

73.     The James E. Goodman Defendants admit that, in September 2019, James E. Goodman began to transition some of the business of Genesis-ATC to Goodman Networks and that, at that time, John Goodman controlled Goodman Networks.   The James E. Goodman Defendants deny that this was done without notice to or consent of FedEx.

74.     The James E. Goodman Defendants admit the allegations in the first two sentences of paragraph 74.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations and therefore deny the same.

75.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 75 and therefore deny the same.

76.     The James E. Goodman Defendants admit the allegations contained in paragraph 76 of the Complaint.

77.     The James E. Goodman Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     The James E. Goodman Defendants admit that Genesis-ATC and Goodman Networks approached FedEx about transitioning the Master Services Agreement to Goodman Networks around June 2020.  The James E. Goodman Defendants deny the remaining allegations in paragraph 78.

79.     The James E. Goodman Defendants admit that FedEx consented to the transition from Genesis-ATC to Goodman Networks by December 4, 2020.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 79 and therefore deny the same.

80.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 80 and therefore deny the same.

81.     The James E. Goodman Defendants admit that, in June 2021, Goodman Networks transferred some business assets to UFS and that the transfer was finalized on September 11, 2021.  The James E. Goodman Defendants deny that the transferred assets were significant and deny the implication that James Goodman controlled Goodman Networks at the time.

82.     The James E. Goodman Defendants admit the allegations contained in paragraph 82 of the Complaint.

4900-8464-0058, v. 5

83.    The James E. Goodman Defendants admit the allegations contained in paragraph 83.

84.    The James E. Goodman Defendants admit that Goodman Networks sent Prosperity Bank the 4th Amended Bylaws of Goodman Networks.  The James E. Goodman Defendants deny that those bylaws required the consent of three board members to change the names on the accounts.

85.    The James E. Goodman Defendants admit the allegations contained in paragraph 85.

86.    The James E. Goodman Defendants admit the allegations contained in paragraph 86.

87.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 87 and therefore deny the same.

88.    The James E. Goodman Defendants admit the allegations contained in paragraph 88.

89.    The James E. Goodman Defendants admit the allegations contained in the first sentence of paragraph 89.  The second sentence is a legal conclusion.  To the extent that a response is required, the James E. Goodman Defendants deny the allegations contained in the second sentence of paragraph 89.

90.    The James E. Goodman Defendants admit that James Goodman and Bater Bates met on or around October 14, 2021.  The James E. Goodman Defendants admit that on or around October 14, 2021, several Genesis entities had outstanding loans owed to Prosperity Bank.  The James E. Goodman Defendants deny the remaining allegations in paragraph 90 of the Complaint.

91.     The James E. Goodman Defendants admit that James Goodman emailed Prosperity Bank on or around October 13 and 14, 2021.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in paragraph 91 and therefore deny the same.

92.     The James E. Goodman Defendants admit that Bater Bates and James Goodman emailed each other on or around October 14, 2021, about pledging funds in a deposit account as collateral to secure a loan owed to Prosperity Bank.  The James E. Goodman Defendants deny the remaining allegations contained in paragraph 92.

93.     The James E. Goodman Defendants deny the allegations in paragraph 93 insofar as they relate to James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 93 and therefore deny the same.

94.     The James E. Goodman Defendants admit that Steve Seago sent the email described in paragraph 94.  The James E. Goodman Defendants deny all other allegations contained in paragraph 94.

95.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 95 and therefore deny the same.  The James E. Goodman Defendants further deny that Goodman Networks was "being divested" as of October 14, 2021.

96.     The James E. Goodman Defendants admit the allegations contained in paragraph 96.

97.     The James E. Goodman Defendants admit that James Goodman wrote in an email, on or around October 19, 2021, to Prosperity Bank: "Working on the amendment and authority now."  The James E. Goodman Defendants deny the remaining allegations in paragraph 97 of the Complaint.

98.     The James E. Goodman Defendants admit the allegations contained in paragraph 98 of the Complaint.

99.     The James E. Goodman Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    The James E. Goodman Defendants admit the allegations contained in paragraph 100 of the Complaint.

101.    Paragraph 101 is a conclusion of law.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations contained in Paragraph 101.

102.    The James E. Goodman Defendants deny that James Goodman was involved in any plan to "strip all assets…from Goodman Networks and the Genesis entities."  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether Jim Frinzi was involved in such a plan and therefore deny the same.

103.    The James E. Goodman Defendants admit the allegations contained in paragraph 103.

104.    The James E. Goodman Defendants admit that Frinzi's email described in paragraph 104 copied James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether the Fifth Amended and Restated Bylaws were fraudulent and therefore deny the same.

105.    The James E. Goodman Defendants deny the allegations in paragraph 105 as they pertain to James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 105 and therefore deny the same.

106.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 106 and therefore deny the same.

107.    The James E. Goodman Defendants deny that the Fourth Amended Bylaws required three directors to vote for a change of control of the accounts.  On that basis, the James E. Goodman Defendants deny the allegations contained in paragraph 107.

108.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 108 and therefore deny the same.

109.    The James E. Goodman Defendants admit that Bater Bates and Prosperity Bank agreed to accept an Assignment of the 3992 Account at Prosperity Bank as substitution collateral for collateral pledged by Genesis entities.  The James E. Goodman Defendants deny the remaining allegations in paragraph 109.

110.    The James E. Goodman Defendants admit the allegations in paragraph 110.

111.    The James E. Goodman Defendants deny the allegations in paragraph 111.

112.    The James E. Goodman Defendants deny the allegations in paragraph 112.

113.    The James E. Goodman Defendants admit the allegations contained in paragraph 113.

114.    The James E. Goodman Defendants admit the allegations contained in paragraph 114.

115.    The James E. Goodman Defendants admit the allegations contained in paragraph 115.

116.    The James E. Goodman Defendants admit the allegations contained in paragraph 116.

117.    The James E. Goodman Defendants admit the allegations contained in paragraph 117.

118.    The James E. Goodman Defendants admit the allegations contained in paragraph 118.

119.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 119 and therefore deny the same.

120.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 120 and therefore deny the same.

121.    The James E. Goodman Defendants deny the allegations contained in paragraph 121.

122.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 123 and therefore deny the same.

123.    The James E. Goodman Defendants admit the allegations contained in paragraph 123.

124.    The James E. Goodman Defendants admit the allegations contained in paragraph 124.

125.    The James E. Goodman Defendants admit the allegations contained in paragraph 125.

126.    The James E. Goodman Defendants admit that Jim Frinzi was the CEO of Goodman Networks and GNET ATC and that he sent the email described in the first sentence of paragraph 126.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 126 and therefore deny the same.

127.    The James E. Goodman Defendants admit the allegations contained in paragraph 127.

4900-8464-0058, v. 5

128.    The James E. Goodman Defendants deny the allegations contained in paragraph 128.

129.    The James E. Goodman Defendants admit the allegations contained in paragraph 129.

130.    The James E. Goodman Defendants admit that an employee sent the email described in paragraph 130 to Jim Frinzi.

131.    The James E. Goodman Defendants admit the allegations contained in paragraph 131.

132.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 132 and therefore deny the same.

133.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 133 and therefore deny the same.

134.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 134 and therefore deny the same.

135.    The James E. Goodman Defendants admit the allegations in paragraph 135.

136.    The James E. Goodman Defendants admit the allegations in the first two sentences of paragraph 136.  The James E. Goodman Defendants consider the allegations of the third sentence to be vague and therefore deny the same.

137.    The James E. Goodman Defendants admit the allegations contained in paragraph 137.

138.    The James E. Goodman Defendants admit the allegations contained in paragraph 138.

4900-8464-0058, v. 5

139.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 139 and therefore deny the same.

140.    The James E. Goodman Defendants deny the allegations in paragraph 140 insofar as they relate to the conduct or knowledge of James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 140 and therefore deny the same.

141.    The James E. Goodman Defendants admit that Jim Frinzi sent the email described in paragraph 141.  The James E. Goodman Defendants deny the remaining allegations in paragraph 141.

142.    The James E. Goodman Defendants admit the allegations contained in paragraph 142 of the Complaint.

143.    The James E. Goodman Defendants admit the allegations contained in paragraph 143 of the Complaint.

144.    The James E. Goodman Defendants admit that Steve Seago sent the December 9, 2021, email described in paragraph 144.  The James E. Goodman Defendants deny all other allegations contained in paragraph 144, including characterization of that email as furthering an illusion and any implication that the email was improper.

145.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 145 and therefore deny the same.

146.    The James E. Goodman Defendants deny the allegations in paragraph 146.

147.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny that Steve Seago sent the email described in paragraph 147 and therefore deny the same.

148.    The James E. Goodman Defendants admit the allegations contained in paragraph 148.

149.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 149 of the Complaint and therefore deny the same.

150.    The James E. Goodman Defendants admit that Goodman Networks had a subsidiary called Multiband Field Services, Inc., but deny that it used the trade name "Multiband Global."

151.    The James E. Goodman Defendants admit that Jim Frinzi had formed an unaffiliated company called Multiband Global Resources, LLC and that it was in the process of acquiring AMRR.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether this was unknown to FedEx at the time.  The James E. Goodman Defendants deny there was any enterprise to "defalcate and launder" FedEx's funds.

152.    The James E. Goodman Defendants admit that Steve Seago continued to work with FedEx on migration to a new automated system.  The James E. Goodman Defendants deny the remaining allegations in paragraph 152.

153.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 153 and therefore deny the same.

154.    The James E. Goodman Defendants admit the allegations contained in paragraph 154.

155.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 155 and therefore deny the same.

156.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 156 and therefore deny the same.

4900-8464-0058, v. 5

157.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 157 and therefore deny the same.

158.    The James E. Goodman Defendants admit that Jim Frinzi and Steve Seago sent the emails described in paragraph 158.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 158 and therefore deny the same.

159.    The James E. Goodman Defendants deny that James E. Goodman made any decision not to pay FedEx as of November 3, 2021.  The James E. Goodman Defendants deny the allegations in paragraph 159 insofar as they relate to James E. Goodman's conduct or knowledge. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 159 and therefore deny the same.

160.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 160 of the Complaint and therefore deny the same.

161.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 161 of the Complaint and therefore deny the same.

162.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 162 of the Complaint and therefore deny the same.

163.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 163 of the Complaint and therefore deny the same.

164.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 164 of the Complaint and therefore deny the same.

165.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 165 of the Complaint and therefore deny the same.

4900-8464-0058, v. 5

166.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 166 of the Complaint and therefore deny the same.

167.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 167 of the Complaint and therefore deny the same.

168.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 168 of the Complaint and therefore deny the same.

169.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 169 of the Complaint and therefore deny the same.

170.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 170 of the Complaint and therefore deny the same.

171.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 171 of the Complaint and therefore deny the same.

172.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 172 of the Complaint and therefore deny the same.

173.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 173 of the Complaint and therefore deny the same.

174.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 174 of the Complaint and therefore deny the same.

175.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 175 of the Complaint and therefore deny the same.

176.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 176 of the Complaint and therefore deny the same.

177.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 177 of the Complaint and therefore deny the same.

178.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 178 of the Complaint and therefore deny the same.

179.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 179 of the Complaint and therefore deny the same.

180.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 180 of the Complaint and therefore deny the same.

181.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 181 of the Complaint and therefore deny the same.

182.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 182 of the Complaint and therefore deny the same.

183.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 183 of the Complaint and therefore deny the same.

184.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 184 of the Complaint and therefore deny the same.

185.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 185 of the Complaint and therefore deny the same.

186.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 186 of the Complaint and therefore deny the same.

187.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 187 of the Complaint and therefore deny the same.

188.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 188 of the Complaint and therefore deny the same.

189.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 189 of the Complaint and therefore deny the same.

190.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 190 of the Complaint and therefore deny the same.

191.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 191 of the Complaint and therefore deny the same.

192.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 192 of the Complaint and therefore deny the same.

193.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 193 of the Complaint and therefore deny the same.

194.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 194 of the Complaint and therefore deny the same.

195.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 195 of the Complaint and therefore deny the same.

196.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 196 of the Complaint and therefore deny the same.

197.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 197 of the Complaint and therefore deny the same.

198.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 198 of the Complaint and therefore deny the same.

199.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 199 of the Complaint and therefore deny the same.

200.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 200 of the Complaint and therefore deny the same.

201.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 201 of the Complaint and therefore deny the same.

202.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 202 of the Complaint and therefore deny the same.

203.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 203 of the Complaint and therefore deny the same.

204.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 204 of the Complaint and therefore deny the same.

205.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 205 of the Complaint and therefore deny the same.

206.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 206 of the Complaint and therefore deny the same.

207.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 207 of the Complaint and therefore deny the same.

208.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 208 of the Complaint and therefore deny the same.

209.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 209 of the Complaint and therefore deny the same.

210.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 210 of the Complaint and therefore deny the same.

211.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 211 of the Complaint and therefore deny the same.

212.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 212 of the Complaint and therefore deny the same.

213.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 213 of the Complaint and therefore deny the same.

214.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 214 of the Complaint and therefore deny the same.

215.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 215 of the Complaint and therefore deny the same.

216.    The James E. Goodman Defendants admit the allegations contained in paragraphs 216(p) through 216(cc).  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 216 and therefore deny the same.

217.    The James E. Goodman Defendants deny the allegations contained in paragraph 217.

218.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 218 and therefore deny the same.

219.    The James E. Goodman Defendants deny the allegations in paragraph 219.

220.    The James E. Goodman Defendants admit the allegations contained in paragraph 220 of the Complaint.

221.     The James E. Goodman Defendants admit that FedEx made inquiries as to the status of payments to FedEx.  The James E. Goodman Defendants deny that James E. Goodman was involved in any conspiracy to mislead FedEx.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 221 and therefore deny the same.

222.     The James E. Goodman Defendants deny the allegations contained in paragraph 222 of the Complaint.

223.     The James E. Goodman Defendants admit the allegations in paragraph 223 but deny any implication that this was for nefarious purposes.  As a director of the company, James E. Goodman needed to have the ability to access and sign for Goodman Networks accounts.  As the company's CEO, Jim Frinzi similarly needed to have the ability to access and sign for Goodman Networks accounts.[1]

224.     The James E. Goodman Defendants deny that the Fourth Amended Bylaws required there to be three directors to take corporate action or to transfer control of the bank accounts.  The James E. Goodman Defendants admit the remaining allegations in paragraph 224.

225.     The James E. Goodman Defendants deny that the Fourth Amended Bylaws required there to be three directors to take action and therefore deny the allegations contained in paragraph 225.

226.     The James E. Goodman Defendants admit that Jim Frinzi sent the Fifth Amended Bylaws to Prosperity Bank.  The James E. Goodman Defendants deny the remaining allegations contained in paragraph 226.

---

[1] To the best of the James E. Goodman Defendant's knowledge, Jason Goodman already had the ability to access and sign for the accounts.

4900-8464-0058, v. 5

227. The James E. Goodman Defendants admit the allegations contained in paragraph 227.

228. The James E. Goodman Defendants admit that James E. Goodman was aware that Jim Frinzi was seeking access and signatory authority for Goodman Networks accounts in his role as CEO. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 228 and therefore deny the same.

229. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 229 of the Complaint and therefore deny the same.

230. The James E. Goodman Defendants admit that Prosperity Bank sought signed resolutions from Goodman Networks. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 230 and therefore deny the same.

231. The James E. Goodman Defendants admit that, after October 22, 2021, Goodman Networks only had one director. The James E. Goodman Defendants deny the remaining allegations contained in paragraph 231.

232. The James E. Goodman Defendants deny that Goodman Networks was in winddown in October 2022 and therefore deny the allegations in paragraph 232.

233. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 233 of the Complaint and therefore deny the same.

234. The James E. Goodman Defendants admit the allegations contained in paragraph 234.

235. The James E. Goodman Defendants admit the allegations contained in paragraph 235.

236.    The James E. Goodman Defendants admit the allegations contained in paragraph 236.

237.    The James E. Goodman Defendants admit the allegations contained in paragraph 237.

238.    The James E. Goodman Defendants admit the allegations contained in paragraph 238.

239.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 239 and therefore deny the same.

240.    The James E. Goodman Defendants admit that, as of December 27, 2021, James Goodman was the only the director of Goodman Networks.  The James E. Goodman Defendants deny the remaining allegations in paragraph 240.

241.    The James E. Goodman Defendants consider paragraph 241 ambiguous as to what situation the three named individuals allegedly had actual knowledge of.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations contained in paragraph 241.

242.    The James E. Goodman Defendants deny that three directors were required to change the control of the bank accounts.  Therefore, the James E. Goodman Defendants deny the allegations contained in paragraph 242.

243.    The James E. Goodman Defendants deny the characterization of events in paragraph 243 and therefore deny the same.

244.    The James E. Goodman Defendants admit that the emails described in the first two sentences of paragraph 244 were sent.  The James E. Goodman Defendants deny the remaining allegations in paragraph 244.

245.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 245 and therefore deny the same.

246.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 246 and therefore deny the same.

247.    The James E. Goodman Defendants deny that James E. Goodman or companies under his control continue to do business with Prosperity Bank or Bater Bates.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 247 and therefore deny the same.

248.    The James E. Goodman Defendants deny the characterization of paragraph 248 and therefore deny the same.

249.    The James E. Goodman Defendants admit that the transfers listed in paragraph 249 were made.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 249 and therefore deny the same.

250.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 250 and therefore deny the same.

251.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 251 and therefore deny the same.

252.    The James E. Goodman Defendants admit that some funds from the 4352 Account were used to pay off loans with Prosperity Bank.  The James E. Goodman Defendants deny the remaining allegations in paragraph 252.

253.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 253 and therefore deny the same.

254.     The James E. Goodman Defendants deny the allegations contained in paragraph 254 of the Complaint.

255.     The James E. Goodman Defendants deny the allegations contained in paragraph 255 of the Complaint.

256.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 256 of the Complaint and therefore deny the same.

257.     The James E. Goodman Defendants admit the allegations contained in paragraph 257 of the Complaint.

258.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 258.

259.     The James E. Goodman Defendants admit the allegations contained in the first two sentences of paragraph 259 of the Complaint.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in paragraph 259 and therefore deny the same.

260.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 260 and therefore deny the same.

261.     The James E. Goodman Defendants admit that the transaction described in paragraph 261 took place.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the source(s) of the funds and therefore deny the remaining allegations in paragraph 261.

262.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 262 and therefore deny the same.

263.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 263 and therefore deny the same.

264.    The James E. Goodman Defendants admit the allegations contained in paragraph 264.

265.    The James E. Goodman Defendants admit the allegations contained in paragraph 265.

266.    The James E. Goodman Defendants admit that Shalom Auerbach joined the board of directors at AMRR at some point after its purchase.

267.    The James E. Goodman Defendants admit the allegations contained in paragraph 267.

268.    The James E. Goodman Defendants deny that James Goodman was involved with directing or assisting the movement of $44 million loaned to AMRR.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 268 and therefore deny the same.

269.    The James E. Goodman Defendants admit the allegations contained in paragraph 269.

270.    The James E. Goodman Defendants admit that a signature purporting to be James Goodman's appears on the AMRR Note.  The James E. Goodman Defendants admit that James Goodman contends that his signature was forged.  The James E. Goodman Defendants deny the remaining allegations contained in paragraph 270.

271.    The James E. Goodman Defendants admit the allegations contained in paragraph 271.

272.    The James E. Goodman Defendants deny that James Goodman had the knowledge alleged in paragraph 272 at the time.   The James E. Goodman Defendants lack sufficient

knowledge to admit or deny the remaining allegations contained in paragraph 272 and therefore deny the same.

273.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 273 and therefore deny the same.

274.    The James E. Goodman Defendants admit the allegations contained in paragraph 274 of the Complaint.

275.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 275 and therefore deny the same.

276.    The James E. Goodman Defendants deny the allegations contained in paragraph 276.

277.    The James E. Goodman Defendants deny the allegations contained in paragraph 277.

278.    The James E. Goodman Defendants deny the allegations contained in paragraph 278.

279.    The James E. Goodman Defendants find paragraph 279 to be ambiguous.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 279.

280.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 280 and therefore deny the same.

281.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 281 and therefore deny the same.

282.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 282 and therefore deny the same.

4900-8464-0058, v. 5

283.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 283 and therefore deny the same.

284.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 284 and therefore deny the same.

285.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 285 and therefore deny the same.

286.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 286 and therefore deny the same.

287.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 287 and therefore deny the same.

288.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 288 and therefore deny the same.

289.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 289 and therefore deny the same.

290.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 290 and therefore deny the same.

291.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 291 and therefore deny the same.

292.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 292 and therefore deny the same.

293.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 293 and therefore deny the same.

294.    The James E. Goodman Defendants admit the allegations contained in paragraph 294.

295.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 295 and therefore deny the same.

296.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 296 and therefore deny the same.

297.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 297 and therefore deny the same.

298.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 298 and therefore deny the same.

299.    The James E. Goodman Defendants deny the allegations contained in paragraph 299 of the Complaint.

300.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 300 and therefore deny the same.

301.    The James E. Goodman Defendants admit the allegations contained in paragraph 301.

302.    The James E. Goodman Defendants admit the allegations contained in paragraph 302.

303.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 303 and therefore deny the same.

304.    The James E. Goodman Defendants admit the allegations contained in paragraph 304.

4900-8464-0058, v. 5

305.    The James E. Goodman Defendants admit the allegations contained in paragraph 305.

306.    The James E. Goodman Defendants admit the allegations contained in paragraph 306.

307.    The James E. Goodman Defendants admit the allegations contained in paragraph 307.

308.    The James E. Goodman Defendants admit the allegations contained in paragraph 308.

309.    The James E. Goodman Defendants admit the allegations contained in paragraph 309.

310.    The James E. Goodman Defendants admit the allegations contained in paragraph 310.

311.    The James E. Goodman Defendants admit the allegations contained in paragraph 311.

312.    The James E. Goodman Defendants deny that James E. Goodman had a pre-existing relationship with San Blas Securities.  The James E. Goodman Defendants admit that Jim Frinzi had a pre-existing relationship with San Blas Securities.  The James E. Goodman Defendants deny the characterization of events in the remaining allegations of paragraph 312 and therefore deny the same.

313.    The James E. Goodman Defendants admit that an early draft of the Bond Purchase Agreement showed the bond purchaser as Auerbach Partners, LP and that the final version showed the bond purchaser as Alliance Texas Holdings, LLC.  The James E. Goodman Defendants lack

sufficient knowledge to admit or deny the remaining allegations contained in paragraph 313 and therefore deny the same.

314.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 314 of the Complaint and therefore deny the same.

315.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 315 of the Complaint and therefore deny the same.

316.    The James E. Goodman Defendants admit the allegations contained in paragraph 316.

317.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 317 of the Complaint and therefore deny the same.

318.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 318 and therefore deny the same.

319.    The James E. Goodman Defendants admit that Hudson paid about $10,570,912.00 to GIH for the bonds.  The James E. Goodman Defendants deny all remaining allegations in paragraph 319.

320.    The James E. Goodman Defendants deny the allegations in paragraph 320.

321.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 321 and therefore deny the same.

322.    The James E. Goodman Defendants admit that, at the time of the transaction, there was a formalized Funds Flow Memorandum. The James E. Goodman Defendants deny that James Goodman had any knowledge of a second Funds Flow Memorandum at the time of the transaction. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 322 and therefore deny the same.

36

323.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 323 and therefore deny the same.

324.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 324 and therefore deny the same.

325.    To the extent that paragraph 325 implies that James Goodman received a copy of the second Funds Flow Memorandum, the James E. Goodman Defendants deny the allegations contained in paragraph 325. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 325.

326.    Paragraph 326 is a legal conclusion to which no answer should be required. To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 326.

327.    The James E. Goodman Defendants admit the allegations contained in paragraph 327.

328.    The James E. Goodman Defendants admit the allegations contained in paragraph 328.

329.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 329.

330.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 330.

331.    The James E. Goodman Defendants deny the characterization of Asperion's reaction to the transaction in paragraph 331 and therefore deny the same.

332.    The James E. Goodman Defendants admit the allegations contained in paragraph 332.

333.    The James E. Goodman Defendants admit the allegations contained in paragraph 333.

334.    The James E. Goodman Defendants deny the characterization of events in paragraph 334 and therefore deny the same.

335.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 335 and therefore deny the same.

336.    The James E. Goodman Defendants deny the allegations contained in paragraph 336.

337.    The James E. Goodman Defendants admit the allegations contained in paragraph 337.

338.    The James E. Goodman Defendants cannot admit or deny the allegations contained in paragraph 338 because they involve attorney-client privileged communications.

339.    The James E. Goodman Defendants deny that James Goodman could not sell his shares in Goodman Networks through a legitimate commercial transaction.  The James E. Goodman Defendants admit that James Goodman sent the text described in paragraph 339 to James Frinzi.  The James E. Goodman Defendants deny all remaining allegations in paragraph 339.

340.    The James E. Goodman Defendants admit the allegations contained in paragraph 340.

341.    The James E. Goodman Defendants admit the allegations contained in paragraph 341.

342.    The James E. Goodman Defendants admit the allegations contained in paragraph 342.

343.    The James E. Goodman Defendants admit the allegations contained in paragraph 343.

344.    The James E. Goodman Defendants admit the allegations contained in paragraph 344.

345.    The James E. Goodman Defendants admit the allegations contained in paragraph 345.

346.    The James E. Goodman Defendants admit the allegations contained in paragraph 346.

347.    The James E. Goodman Defendants admit the allegations contained in paragraph 347.

348.    The James E. Goodman Defendants admit the allegations contained in paragraph 348.

349.    The James E. Goodman Defendants admit the allegations contained in paragraph 349.

350.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 350 and therefore deny the same.

351.    The James E. Goodman Defendants admit to the allegations contained in paragraph 351 but deny the implications of the scare quotes around "purchase."

352.    The James E. Goodman Defendants admit that 18920 NW was the purchaser of the preferred shares. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 352 and therefore deny the same.

353.    The James E. Goodman Defendants admit the allegations contained in paragraph 353 but deny the implications of the scare quotes around "inquiry."

354.    The James E. Goodman Defendants deny that the shares were worthless when 18920 NW purchased them.  The James E. Goodman Defendants admit the remaining allegations in paragraph 354.

355.    The James E. Goodman Defendants admit the allegations in paragraph 355.

356.    The James E. Goodman Defendants deny the characterization of the transaction in paragraph 356 and therefore deny the same.

357.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 357 and therefore deny the same.

358.    The James E. Goodman Defendants admit that Jim Frinzi sent the text message described in paragraph 358.  However, the James E. Goodman Defendants lack sufficient knowledge to admit or deny whether Frinzi was referring to Shalom Auerbach or whether this text message related to the sale of the preferred shares.  Therefore, the James E. Goodman Defendants deny the remaining allegations in paragraph 358.

359.    The James E. Goodman Defendants admit the allegations in paragraph 359.

360.    The James E. Goodman Defendants admit the allegations in paragraph 360.

361.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny that the call described in the first sentence of paragraph 361 took place and therefore deny the same.  The James E. Goodman Defendants deny the characterization of the transaction as a scheme.  The James E. Goodman Defendants admit that Zakharyayev wrote the email to Frinzi described in Paragraph 361.

362.    The James E. Goodman Defendants admit the allegations in paragraph 362.

363.    Paragraph 363 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations contained in paragraph 363.

364.    The James E. Goodman Defendants deny the allegations in paragraph 364.

365.    The James E. Goodman Defendants consider whether there is a right to redemption to be a legal conclusion that does not require an answer.  To the extent that paragraph 365 alleges that James Goodman was involved in negotiating for the 18920 note or the redemption of the shares, the James E. Goodman Defendants deny such allegations.  The James E. Goodman Defendants admit that Jim Frinzi allowed the redemption of 18920 NW's preferred shares in Goodman Networks.  The James E. Goodman Defendants deny all other allegations contained in paragraph 365.

366.    The James E. Goodman Defendants deny that James Goodman was in any way involved in the transaction described in paragraph 366.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 366 and therefore deny the same.

367.    The James E. Goodman Defendants deny the allegations in paragraph 367.

368.    The James E. Goodman Defendants admit the allegations in paragraph 368.

369.    The James E. Goodman Defendants deny the allegations in paragraph 369 insofar as they relate to James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 369.

370.    The James E. Goodman Defendants deny the allegations in paragraph 370.

371.    The James E. Goodman Defendants deny the allegations in paragraph 371.

372.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 372 and therefore deny the same.

373.    The James E. Goodman Defendants deny the allegations in paragraph 373.

374.    The James E. Goodman Defendants deny the characterization of events in paragraph 374 and therefore deny the same.

375.    The James E. Goodman Defendants admit the allegations in paragraph 375.

376.    The James E. Goodman Defendants admit the allegations in paragraph 376.

377.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 377 and therefore deny the same.

378.    The James E. Goodman Defendants deny the allegations in paragraph 378.

379.    The James E. Goodman Defendants deny the allegations in paragraph 379.

380.    The James E. Goodman Defendants admit the allegations in paragraph 380.

381.    The James E. Goodman Defendants admit the allegations in paragraph 381.

382.    The James E. Goodman Defendants deny the allegations in paragraph 382.

383.    The James E. Goodman Defendants admit the allegations in paragraph 383.

384.    The James E. Goodman Defendants admit the allegations in paragraph 384.

385.    The James E. Goodman Defendants deny the allegations in paragraph 385.

386.    The James E. Goodman Defendants admit the allegations in paragraph 386.

387.    The James E. Goodman Defendants admit the allegations in paragraph 387.

388.    The James E. Goodman Defendants admit the allegations in paragraph 388.

389.    The James E. Goodman Defendants admit the allegations in paragraph 389.

390.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 390 and therefore deny the same.

391.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 391 and therefore deny the same.

392.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 392 and therefore deny the same.

393.    The James E. Goodman Defendants admit the allegations in paragraph 393.

394.    The James E. Goodman Defendants deny the characterization in paragraph 394 and therefore deny the same.

395.    The James E. Goodman Defendants admit the allegations in paragraph 395.

396.    The James E. Goodman Defendants admit the allegations in paragraph 396.

397.    The James E. Goodman Defendants deny the allegations in paragraph 397.

398.    The James E. Goodman Defendants admit the allegations in paragraph 398.

399.    The James E. Goodman Defendants admit that Jake Goodman resigned from the Goodman Networks Board of Directors in June 2021.  The James E. Goodman Defendants deny the characterization and implications of scare quotes around "Goodman Board."

400.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 400 and therefore deny the same.

401.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 401 and therefore deny the same.

402.    The James E. Goodman Defendants admit the allegations in paragraph 402.

403.    The James E. Goodman Defendants admit that $200,000 in severance was paid to Jake Goodman.  The James E. Goodman Defendants deny the remaining allegations in  paragraph 403 and deny the implications of the scare quotes around "severance."

404.    Paragraph 404 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 404.

405.     The James E. Goodman Defendants admit the allegations in the first sentence of paragraph 405.  The James E. Goodman Defendants deny the remaining allegations in paragraph 405.

406.     The James E. Goodman Defendants admit the allegations in the first sentence of paragraph 406.  The James E. Goodman Defendants deny the remaining allegations in paragraph 406.

407.     The James E. Goodman Defendants admit the allegations in the first sentence of paragraph 407.  The James E. Goodman Defendants deny the remaining allegations in paragraph 407.

408.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 408 and therefore deny the same.

409.     The James E. Goodman Defendants deny the allegations contained in paragraph 409.

410.     The James E. Goodman Defendants admit the allegations in paragraph 410.

411.     The James E. Goodman Defendants admit that GIH owns shares in Endeavor Managed Services, Inc.  The James E. Goodman Defendants deny that GIH is the sole owner of Endeavor.

412.     The James E. Goodman Defendants admit that James E. Goodman has purchased several legitimate businesses. The James E. Goodman Defendants deny the remaining allegations in paragraph 412.

413.     The James E. Goodman Defendants admit that Endeavor entered into an asset purchase agreement with GNTS whereby GNTS contributed assets acquired from OnePath for no

44

consideration on May 31, 2022. The James E. Goodman Defendants deny the remaining allegations in paragraph 413.

414. The James E. Goodman Defendants deny the allegations in paragraph 414.

415. The James E. Goodman Defendants admit the allegations in paragraph 415.

416. The James E. Goodman Defendants admit the allegations in paragraph 416.

417. The James E. Goodman Defendants deny the allegations in paragraph 417.

418. The James E. Goodman Defendants admit that James Goodman and Bater Bates caused Goodman Networks to pledge the 3992 Account as substitution collateral for Genesis Loans. The James E. Goodman Defendants deny the remaining allegations in paragraph 418.

419. The James E. Goodman Defendants deny the allegations in paragraph 419.

420. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 420 and therefore deny the same.

421. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 421 and therefore deny the same.

422. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 422 and therefore deny the same.

423. The James E. Goodman Defendants admit that Prosperity Bank allowed the Genesis entities to transfer their assets free and clear of liens. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 423 and therefore deny the same.

424. The James E. Goodman Defendants admit the allegations in the first sentence of paragraph 424. The James E. Goodman Defendants deny the remaining allegations in paragraph 424.

4900-8464-0058, v. 5

425.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 425 and therefore deny the same.

426.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 426 and therefore deny the same.

427.    The James E. Goodman Defendants deny the characterization of paragraph 427 and therefore deny the same.

428.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 428 and therefore deny the same.

429.    The James E. Goodman Defendants deny the allegations in paragraph 429.

430.    The James E. Goodman Defendants deny the allegations in paragraph 430.

431.    The James E. Goodman Defendants admit the allegations in paragraph 431.

432.    The James E. Goodman Defendants admit the allegations in paragraph 432.

433.    The James E. Goodman Defendants deny the allegations in paragraph 433.

434.    The James E. Goodman Defendants admit the allegations in paragraph 434.

435.    The James E. Goodman Defendants deny the allegations in paragraph 435.

436.    The James E. Goodman Defendants admit the allegations in paragraph 436.

437.    The James E. Goodman Defendants admit that there was a receivable from UFS on the books and records of Goodman Networks.  The James E. Goodman Defendants deny the characterization of that receivable as being for services Goodman Networks performed.  The James E. Goodman Defendants deny the remaining allegations in paragraph 437.

438.    The James E. Goodman Defendants admit that James E. Goodman and UFS did not pay the receivable on the books and records of Goodman Networks.  The James E. Goodman

Defendants deny the characterization of events in paragraph 438 and therefore deny the remaining allegations in paragraph 438.

439.    The James E. Goodman Defendants deny the allegations in paragraph 439.

440.    The James E. Goodman Defendants deny the allegations in paragraph 440.

441.    The James E. Goodman Defendants admit the allegations in paragraph 441.

442.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 442 and therefore deny the same.

443.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 443 and therefore deny the same.

444.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 444 and therefore deny the same.

445.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 445 and therefore deny the same.

446.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 446 and therefore deny the same.

447.    The James E. Goodman Defendants admit that John and James Goodman requested that Frinzi send them a written resignation letter effective in September 2022.  The James E. Goodman Defendants deny the remaining allegations in paragraph 447.

448.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 448 and therefore deny the same.

449.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 449 and therefore deny the same.

4900-8464-0058, v. 5

450.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 450 and therefore deny the same.

451.    The James E. Goodman Defendants deny the allegations in paragraph 451.

452.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 452 and therefore deny the same.

453.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 453 and therefore deny the same.

454.    The James E. Goodman Defendants deny the characterization of events in paragraph 454.  The James E. Goodman Defendants admit that Goodman Networks hired John Goodman as a consultant in September 2022.  The James E. Goodman Defendants admit that the Goodman MBE Group, as the largest shareholder, consented to this arrangement.  The James E. Goodman Defendants deny the remaining allegations in paragraph 454.

455.    The James E. Goodman Defendants admit the allegations in paragraph 455.

456.    The James E. Goodman Defendants admit that Samantha Sondrup, as Chief of Staff, executed the Consulting Agreement described in paragraph 456 with the Goodman MBE Group and John Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 456 and therefore deny the same.

457.    The James E. Goodman Defendants admit the allegations in paragraph 457.

458.    The James E. Goodman Defendants deny the allegations in paragraph 458.

459.    The James E. Goodman Defendants admit that Goodman Networks filed an Objection to FedEx's joinder to the involuntary bankruptcy petition.  The James E. Goodman Defendants deny the remaining allegations in paragraph 459.

460.    The James E. Goodman Defendants deny the allegations in paragraph 460.

461.    The James E. Goodman Defendants admit the allegations in paragraph 461.

462.    The James E. Goodman Defendants admit that Goodman Networks filed a Motion to Convert Chapter 7 Case to Chapter 11.  The differences between a Chapter 11 and Chapter 7 bankruptcy are statements of law that require no answer.  To the extent that an answer is required, the James E. Goodman Defendants deny the characterization of motivations in paragraph 462.

463.    The James E. Goodman Defendants deny the allegations in paragraph 463.

464.    The James E. Goodman Defendants deny the allegations in paragraph 464.

465.    The James E. Goodman Defendants admit the allegations in paragraph 465.

466.    The James E. Goodman Defendants deny the allegations in paragraph 466.

467.    The James E. Goodman Defendants deny the allegations in paragraph 467.  The James E. Goodman Defendants also maintain that Frinzi's tenure with the Debtor ended on September 4, 2022.

468.    The James E. Goodman Defendants admit that a statutory meeting of creditors was held on January 10, 2023, and that John Goodman appeared on behalf of Goodman Networks.  The James E. Goodman Defendants deny that John Goodman "falsely hled himself out" and therefore deny the remaining allegations in paragraph 468.

469.    The James E. Goodman Defendants admit the allegations contained in paragraph 469.

470.    The James E. Goodman Defendants deny the allegations in paragraph 470.

471.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 471 and therefore deny the same.

472.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 472 and therefore deny the same.

473.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 473 and therefore deny the same.

474.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 474 and therefore deny the same.

475.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 475 and therefore deny the same.

476.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 476 and therefore deny the same.

477.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 477 and therefore deny the same.

478.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 478 and therefore deny the same.

## CAUSES OF ACTION

### Cause No. 1

479.    The James E. Goodman Defendants restate and incorporate by reference their responses to paragraphs 1 through 478 above.

480.    Paragraph 480 is a conclusion of law to which no answer is required.  To the extent that an answer is required, the James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 480 and therefore deny the same.

481.    The James E. Goodman Defendants admit that Frinzi referred to the 4352 account as holding "FedEx trust funds" and being the "FedEx account" on or about December 9, 2021. The James E. Goodman Defendants deny paragraph 451's characterization of James E. Goodman's

testimony and therefore deny the same.  The James E. Goodman Defendants deny the remaining allegations in paragraph 481.

482.    The James E. Goodman Defendants deny the allegations in paragraph 482.

483.    The James E. Goodman Defendants deny the allegations in paragraph 483.

484.    The James E. Goodman Defendants deny the characterization in paragraph 484 and therefore deny the same.

485.    Paragraph 485 is a conclusion of law.  To the extent that an answer is required, the James E. Goodman Defendants deny the same.

486.    The James E. Goodman Defendants deny the characterizations in paragraph 486 and therefore deny the same.

487.    The James E. Goodman Defendants deny the characterizations in paragraph 487 and therefore deny the same.

488.    The James E. Goodman Defendants deny the characterizations in paragraph 488 and therefore deny the same.

489.    The James E. Goodman Defendants deny the allegations in paragraph 489.

490.    The James E. Goodman Defendants deny the characterizations in paragraph 490 and therefore deny the same.

491.    The James E. Goodman Defendants deny the allegations in paragraph 491.

492.    The James E. Goodman Defendants deny the allegations in paragraph 492.

493.    The James E. Goodman Defendants deny the existence of an "Enterprise."  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 493 and therefore deny the same.

494.    Paragraph 494 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny paragraph 494.

495.    The James E. Goodman Defendants deny the characterization in paragraph 495 and therefore deny the same.

496.    The James E. Goodman Defendants deny the allegations in paragraph 496.

497.    The James E. Goodman Defendants deny the characterization in paragraph 497 and therefore deny the same.

498.    The James E. Goodman Defendants deny the characterization in paragraph 498 and therefore deny the same.

499.    The James E. Goodman Defendants deny the allegations in paragraph 499.

500.    Paragraph 500 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 500.

501.    The James E. Goodman Defendants deny the allegations in paragraph 501.

502.    The James E. Goodman Defendants deny the allegations in paragraph 502.

503.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 503 and therefore deny the same.

504.    The James E. Goodman Defendants deny the characterization of the 18920 NW transaction and therefore deny the allegations in paragraph 504.

505.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 505 and therefore deny the same.

506.    The James E. Goodman Defendants deny the allegations in paragraph 506.

507.    The James E. Goodman Defendants deny that there was an Enterprise.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 507 and therefore deny the same.

508.    Paragraph 508 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 508.

509.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 509 and therefore deny the same.

510.    The James E. Goodman Defendants deny the allegations in paragraph 510.

511.    The James E. Goodman Defendants deny the characterizations in paragraph 511 and therefore deny the same.

512.    The James E. Goodman Defendants deny the characterizations in paragraph 512 and therefore deny the same.

513.    Paragraph 513 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 513.

514.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 514.

515.    The James E. Goodman Defendants deny the allegations in paragraph 515.

516.    The James E. Goodman Defendants admit that GIH received payment for the sale of bonds to Alliance.  The James E. Goodman Defendants deny paragraph 516's characterization of that transaction and therefore deny the remaining allegations in paragraph 516.

517.    The James E. Goodman Defendants deny the allegations in paragraph 517.

518.    The James E. Goodman Defendants admit that GIH and Endeavor acquired certain business assets from Genesis Networks Telecom Services, LLC (GNTS).  The James E. Goodman

Defendants deny that such acquisition was without consideration or that there was some sort of "scheme" underlying the acquisitions and therefore deny the remaining allegations in paragraph 518.

519.    The James E. Goodman Defendants deny there was an Enterprise and therefore deny the allegations in paragraph 519.

520.    Paragraph 520 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 520.

521.    The James E. Goodman Defendants deny the allegations in paragraph 521.

522.    The James E. Goodman Defendants deny the allegations in paragraph 522.

523.    The James E. Goodman Defendants deny the characterization in paragraph 523 and therefore deny the same.

524.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 524 and therefore deny the same.

525.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 525 and therefore deny the same.

526.    Paragraph 526 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 526.

527.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 527 and therefore deny the same.

528.    The James E. Goodman Defendants deny the characterization of paragraph 528 and therefore deny the same.

529.    The James E. Goodman Defendants admit that James Goodman entered into an agreement involving the purchase of bonds with Alliance, which involved Shalom Auerbach, Neil

Auerbach, and Hudson.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny involvement of Auerbach Family Trust, Auerbach Partners, or the Auerbach Children's Trust and therefore deny the same.  The James E. Goodman Defendants deny the characterization of the bond transaction in paragraph 529 and therefore deny the remaining allegations in paragraph 529.

530.    The James E. Goodman Defendants deny the characterization of the transaction with 18920 NW in paragraph 530 and therefore deny the same.

531.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 531 and therefore deny the same.

532.    The James E. Goodman Defendants deny there was any Enterprise and therefore deny the allegations in paragraph 532.

533.    Paragraph 533 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 533.

534.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 534 and therefore deny the same.

535.    The James E. Goodman Defendants deny the characterizations in paragraph 535 and therefore deny the same.

536.    The James E. Goodman Defendants deny the allegations in paragraph 536.

537.    The James E. Goodman Defendants deny the allegations in paragraph 537.

538.    The James E. Goodman Defendants deny the allegations in paragraph 538.

539.    The James E. Goodman Defendants deny the characterization of the 18920 NW transaction as a "scheme."  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 539 and therefore deny the same.

4900-8464-0058, v. 5

540.    Paragraph 540 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 540.

541.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 541 and therefore deny the same.

542.    The James E. Goodman Defendants deny the characterizations in paragraph 542 and therefore deny the same.

543.    The James E. Goodman Defendants deny the allegations in paragraph 543.

544.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 544 and therefore deny the same.

545.    The James E. Goodman Defendants deny the allegations in paragraph 545.

546.    The James E. Goodman Defendants deny there was any Enterprise and therefore deny the allegations in paragraph 546.

547.    Paragraph 547 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 547.

548.    The James E. Goodman Defendants deny that James Goodman was involved in laundering or improper access to funds. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 548.

549.    The James E. Goodman Defendants deny that it took three directors to authorize a change in control of accounts and therefore deny the allegations in paragraph 549.

550.    Paragraph 550 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 550.

551.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 551 and therefore deny the same.

56

552.    The James E. Goodman Defendants deny the characterizations in paragraph 552 and therefore deny the same.

553.    The James E. Goodman Defendants deny the allegations in paragraph 553.

554.    The James E. Goodman Defendants deny the characterizations in paragraph 554 and therefore deny the same.

555.    The James E. Goodman Defendants deny the allegations in paragraph 555.

556.    The James E. Goodman Defendants deny the characterizations in paragraph 556 and therefore deny the same.

557.    The James E. Goodman Defendants deny that the transactions referred to in paragraph 557 had no independent value.  The James E. Goodman Defendants further deny that the transactions referred to in paragraph 557 constitute "laundering." The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 557 and therefore deny the same.

558.    The James E. Goodman Defendants deny the characterizations in paragraph 558 and therefore deny the same.

559.    The James E. Goodman Defendants deny the characterizations in paragraph 559 and therefore deny the same.

560.    The James E. Goodman Defendants deny the allegations in paragraph 560.

561.    The James E. Goodman Defendants deny the allegations in paragraph 561.

562.    The James E. Goodman Defendants deny the characterizations in paragraph 562 and therefore deny the same.

563.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 563 and therefore deny the same.

564.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 564 and therefore deny the same.

565.    The James E. Goodman Defendants deny the characterizations in paragraph 565 and therefore deny the same.

566.    The James E. Goodman Defendants deny the characterizations in paragraph 566 and therefore deny the same.

567.    The James E. Goodman Defendants deny that the transactions referred to in paragraph 567 had no independent value.  The James E. Goodman Defendants further deny that the transactions referred to in paragraph 567 constitute "laundering." The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 567 and therefore deny the same.

568.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 568(e) and therefore deny the same.  The James E. Goodman Defendants deny the remaining allegations in paragraph 568.

569.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 569 and therefore deny the same.

570.    The James E. Goodman Defendants deny the characterizations in paragraph 570 and therefore deny the same.

571.    The James E. Goodman Defendants deny the characterizations in paragraph 571 and therefore deny the same.

572.    The James E. Goodman Defendants admit the allegations in paragraph 572.

4900-8464-0058, v. 5

573. The James E. Goodman Defendants admit that GIH owns a majority of the shares in Endeavor. The James E. Goodman Defendants deny the remaining allegations in paragraph 573.

574. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 574 and therefore deny the same.

575. The James E. Goodman Defendants deny the allegations in paragraph 575.

576. The James E. Goodman Defendants deny the characterizations in paragraph 576 and therefore deny the same.

577. The James E. Goodman Defendants deny that the transactions referred to in paragraph 577 had no independent value. The James E. Goodman Defendants further deny that the transactions referred to in paragraph 577 constitute "laundering." The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 577 and therefore deny the same.

578. The James E. Goodman Defendants deny the allegations in paragraph 578.

579. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 579 and therefore deny the same.

580. The James E. Goodman Defendants deny the characterizations in paragraph 580 and therefore deny the same.

581. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 581 and therefore deny the same.

582. The James E. Goodman Defendants deny the characterizations in paragraph 582 and therefore deny the same.

583.    The James E. Goodman Defendants deny that the transactions referred to in paragraph 583 had no independent value.  The James E. Goodman Defendants further deny that the transactions referred to in paragraph 583 constitute "laundering." The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 583 and therefore deny the same.

584.    The James E. Goodman Defendants deny the characterizations in paragraph 584 and therefore deny the same.

585.    The James E. Goodman Defendants deny the predicates for paragraph 585 and therefore deny the same.

586.    The James E. Goodman Defendants deny the characterizations in paragraph 586 and therefore deny the same.

587.    The James E. Goodman Defendants deny the predicates for paragraph 587 and therefore deny the same.

588.    The James E. Goodman Defendants deny the allegations in paragraph 588.

589.    The James E. Goodman Defendants deny there was any Enterprise.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 589 and therefore deny the same.

590.    The James E. Goodman Defendants deny the characterizations in paragraph 590 and therefore deny the same.

591.    The James E. Goodman Defendants deny the allegations in paragraph 591 to the extent that they suggest that the actions taken were to benefit any of the James E. Goodman Defendants.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 591 and therefore deny the same.

592.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 592 and therefore deny the same.

593.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 593 and therefore deny the same.

594.    The James E. Goodman Defendants deny there was any Enterprise.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 594 and therefore deny the same.

595.    The James E. Goodman Defendants deny there was any Enterprise.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 595 and therefore deny the same.

596.    The James E. Goodman Defendants deny the characterizations in paragraph 596 and therefore deny the same.

597.    The James E. Goodman Defendants deny the characterizations in paragraph 597 and therefore deny the same.

598.    The James E. Goodman Defendants deny the characterizations in paragraph 598 and therefore deny the same.

599.    The James E. Goodman Defendants deny that the transactions referred to in paragraph 599 had no independent value.  The James E. Goodman Defendants further deny that the transactions referred to in paragraph 599 constitute "laundering." The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 599 and therefore deny the same.

600.    The James E. Goodman Defendants deny the characterizations in paragraph 600 and therefore deny the same.

601.    The James E. Goodman Defendants deny the funds were stolen and therefore deny the allegations in paragraph 601.

602.    The James E. Goodman Defendants deny the characterizations in paragraph 602 and therefore deny the same.

603.    The James E. Goodman Defendants deny the funds were stolen and therefore deny the allegations in paragraph 603.

604.    The James E. Goodman Defendants deny there was any Enterprise.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 604 and therefore deny the same.

605.    The James E. Goodman Defendants deny there was any Enterprise.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 605 and therefore deny the same.

606.    The James E. Goodman Defendants deny the characterizations in paragraph 606 and therefore deny the same.

607.    The James E. Goodman Defendants deny the characterizations in paragraph 607 and therefore deny the same.

608.    The James E. Goodman Defendants deny that the transactions referred to in paragraph 608 had no independent value.  The James E. Goodman Defendants further deny that the transactions referred to in paragraph 608 constitute "laundering." The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 608 and therefore deny the same.

609.    The James E. Goodman Defendants deny the characterizations in paragraph 609 and therefore deny the same.

610.    The James E. Goodman Defendants deny the characterizations in paragraph 610 and therefore deny the same.

611.    The James E. Goodman Defendants deny the characterizations in paragraph 611 and therefore deny the same.

612.    The James E. Goodman Defendants deny the characterizations in paragraph 612 and therefore deny the same.

613.    The James E. Goodman Defendants deny the characterizations in paragraph 613 and therefore deny the same.

614.    The James E. Goodman Defendants deny the characterizations in paragraph 614 and therefore deny the same.

615.    The James E. Goodman Defendants deny the characterizations in paragraph 615 and therefore deny the same.

616.    The James E. Goodman Defendants deny the characterizations in paragraph 616 and therefore deny the same.

617.    The James E. Goodman Defendants deny the characterizations in paragraph 617 and therefore deny the same.

618.    The James E. Goodman Defendants deny the characterizations in paragraph 618 and therefore deny the same.

619.    The James E. Goodman Defendants deny the sale of stock to 18920 NW as fraudulent.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 619 and therefore deny the same.

620.    The James E. Goodman Defendants deny that the transactions referred to in paragraph 620 had no independent value.  The James E. Goodman Defendants further deny that

the transactions referred to in paragraph 620 constitute "laundering." The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 620 and therefore deny the same.

621.    The James E. Goodman Defendants deny the characterizations in paragraph 621 and therefore deny the same.

622.    The James E. Goodman Defendants deny the characterizations in paragraph 622 and therefore deny the same.

623.    The James E. Goodman Defendants deny the characterizations in paragraph 623 and therefore deny the same.

624.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 624 and therefore deny the same.

625.    The James E. Goodman Defendants deny the characterizations in paragraph 625 and therefore deny the same.

626.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 626 and therefore deny the same.

627.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 627 and therefore deny the same.

628.    The James E. Goodman Defendants deny the characterizations in paragraph 628 and therefore deny the same.

629.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 629 and therefore deny the same.

630.    Paragraph 630 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 630.

4900-8464-0058, v. 5

631.    The James E. Goodman Defendants admit that some of the funds in the 4352 Account were used to pay off loans owed to Prosperity Bank.  The James E. Goodman Defendants deny that such funds were "stolen" and therefore deny the remaining allegations in paragraph 631.

632.    The James E. Goodman Defendants deny the characterizations in paragraph 632 and therefore deny the same.

633.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 633 and therefore deny the same.

634.    The James E. Goodman Defendants deny the characterizations in paragraph 634 and therefore deny the same.

635.    The James E. Goodman Defendants deny the allegations in paragraph 635.

636.    The James E. Goodman Defendants deny the allegations in paragraph 636.

637.    The James E. Goodman Defendants deny the characterization of the emails in paragraph 637 and therefore deny the same.

638.    The James E. Goodman Defendants deny there was any conspiracy and therefore deny that any of the listed acts were taken in furtherance of a conspiracy, if the listed acts occurred at all.

a.    The James E. Goodman Defendants admit that James E. Goodman met with Bater Bates on October 14, 2021.  The James E. Goodman Defendants deny the remaining allegations in paragraph 638(a).

b.    The James E. Goodman Defendants admit that James E. Goodman asked Prosperity Bank to change the signors on Goodman Networks' accounts following the resignation of previous signors.  The James E. Goodman Defendants deny that James E. Goodman sent documents to Prosperity Bank without corporate authority.  The James E. Goodman Defendants lack sufficient

65

knowledge to admit or deny the remaining allegations in paragraph 638(b) and therefore deny the same.

c.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 638(c) and therefore deny the same.

d.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 638(d) and therefore deny the same.

e.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 638(e) and therefore deny the same.

f.    The James E. Goodman Defendants admit that there was an email exchange among Frinzi, Jason Goodman, and James E. Goodman on November 10, 2021.  The James E. Goodman Defendants deny the characterization of that email in paragraph 638(f).

g.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 638(g) and therefore deny the same.

h.    The James E. Goodman Defendants deny that James E. Goodman participated in any decision to suspend payment to FedEx and deny that James E. Goodman continued to send invoices to FedEx or directed others to do so after November 3, 2021.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 638(h) and therefore deny the same.

i.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 638(i) and therefore deny the same.

j.    The James E. Goodman Defendants deny the characterizations in paragraph 638(j) and therefore deny the same.

639. The James E. Goodman Defendants deny that there was any conspiracy. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 639 and therefore deny the same.

640. The James E. Goodman Defendants deny the characterization of exchange described in paragraph 640. Aspireon indicated that it was uncomfortable because the transaction was not their usual business not because there was anything untoward about the transaction itself.

641. The James E. Goodman Defendants deny there was any conspiracy and therefore deny the allegations in paragraph 641.

642. The James E. Goodman Defendants deny that there was any conspiracy as described in paragraph 642. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 642 and therefore deny the same.

643. The James E. Goodman Defendants deny the characterizations in paragraph 643 and therefore deny the same.

644. The James E. Goodman Defendants deny that there was any conspiracy and therefore deny that the acts listed in paragraph 644, if taken at all, furthered a non-existent conspiracy.

a. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 644(a) and therefore deny the same.

b. The James E. Goodman Defendants deny that James E. Goodman was involved in any plan to steal $44 million and deny that James E. Goodman was involved in the loan of funds from GNET ATC to AMRR or in any uses of such funds. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 644(b) and therefore deny the same.

c. The James E. Goodman Defendants admit that Frinzi forged James E. Goodman's signature on the AMRR Note but deny that this was part of any conspiracy.

d. The James E. Goodman Defendants deny the allegations in paragraph 644(d).

e. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 644(e) and therefore deny the same.

f. The James E. Goodman Defendants deny the characterizations of the transactions in paragraph 644(f) and therefore deny the same.

g. The James E. Goodman Defendants admit that James E. Goodman exchanged texts and emails with Jim Frinzi and Shalom Auerbach regarding the bonds transaction and admit that Goodman Networks was insolvent.  The James E. Goodman Defendants deny the characterization of that transaction as part of a conspiracy and therefore deny the remaining allegations in paragraph 644(g).

h. The James E. Goodman Defendants admit that the final purchaser of the bonds was Alliance.  The James E. Goodman Defendants deny the characterizations in paragraph 644(h) and therefore deny the same.

i. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 644(i) and therefore deny the same.

j. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 644(j) and therefore deny the same.

k. The James E. Goodman Defendants deny the allegations in paragraph 655(k).

l. The James E. Goodman Defendants admit that James Goodman and Jim Frinzi exchanged texts and emails in January, February, and March 2022 but deny the remaining allegations in paragraph 644(l).

m.      The James E. Goodman Defendants deny the allegations in paragraph 644(m).

n.      The James E. Goodman Defendants deny the characterizations in paragraph 644(n) and therefore deny the same.

o.      The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 644(o) and therefore deny the same.

p.      The James E. Goodman Defendants deny that James Goodman agreed to any redemption of the shares.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 644(p) and therefore deny the same.

q.      The James E. Goodman Defendants deny the characterizations in paragraph 644(q) and therefore deny the same.

645.    The James E. Goodman Defendants admit that the individual acts described were lawful actions.  The James E. Goodman Defendants deny the characterizations of the acts in paragraph 645 and therefore deny the remaining allegations of paragraph 645.

646.    The James E. Goodman Defendants deny the allegations in paragraph 646.

647.    The James E. Goodman Defendants deny the characterizations in paragraph 647 and therefore deny the same.

648.    The James E. Goodman Defendants deny the allegations in paragraph 648.

649.    Paragraph 649 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 649.

650.    The James E. Goodman Defendants deny the allegations in paragraph 650.

## Cause No. 2

651.    The James E. Goodman Defendants incorporate their responses to paragraphs 1-650 above.

652.    The James E. Goodman Defendants deny that James E. Goodman has stolen FedEx funds.   The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 652 and therefore deny the same.

653.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 653 and therefore deny the same.

654.    The James E. Goodman Defendants deny that James E. Goodman had the knowledge described in paragraph 654.   The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 654 and therefore deny the same.

655.    The James E. Goodman Defendants deny that Frinzi took the actions described with James E. Goodman's "blessing and support."  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 655 and therefore deny the same.

656.    The James E. Goodman Defendants admit the allegations in paragraph 656.

657.    The James E. Goodman Defendants deny that the actions described in paragraph 657 were taken with James E. Goodman's blessing and participation.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 657 and therefore deny the same.

658.    The James E. Goodman Defendants admit the allegations in paragraph 658.

659.    The James E. Goodman Defendants deny the allegations in paragraph 659.

660.    The James E. Goodman Defendants deny the premise of paragraph 660 and therefore deny the same.

661.    The James E. Goodman Defendants deny the premise of paragraph 661 and therefore deny the same.

662.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 662 and therefore deny the same.

663.    The James E. Goodman Defendants deny that James E. Goodman knew the documents that Frinzi sent to be unauthorized or invalid.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 663 and therefore deny the same.

664.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 664 and therefore deny the same.

665.    The James E. Goodman Defendants deny the characterizations in paragraph 665 and therefore deny the same.

666.    The James E. Goodman Defendants deny the characterizations in paragraph 666 and therefore deny the same.

667.    The James E. Goodman Defendants deny the allegations in paragraph 667 insofar as they relate to James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 667 and therefore deny the same.

668.    The James E. Goodman Defendants deny the allegations in paragraph 668.

669.    The James E. Goodman Defendants admit that FedEx prays for the relief described in paragraph 669 but deny that FedEx is entitled to such relief.

670.    The James E. Goodman Defendants admit that FedEx prays for the relief described in paragraph 670 but deny that FedEx is entitled to such relief.

**Cause No. 3**

671.    The James E. Goodman Defendants incorporate their responses to paragraphs 1-670 above.

672.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 672 and therefore deny the same.

673.    The James E. Goodman Defendants deny the allegations in paragraph 673 insofar as they relate to James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 673 and therefore deny the same.

674.    The James E. Goodman Defendants admit that FedEx seeks the relief described in paragraph 674 but deny that FedEx is entitled to such relief.  The James E. Goodman Defendants deny the remaining allegations in paragraph 674.

675.    The James E. Goodman Defendants deny the allegations in paragraph 675.

676.    The James E. Goodman Defendants deny the allegations in paragraph 676.

677.    The James E. Goodman Defendants deny the characterizations in paragraph 677 and therefore deny the same.

678.    The James E. Goodman Defendants deny the characterizations in paragraph 678 and therefore deny the same.

679.    The James E. Goodman Defendants deny the characterizations in paragraph 679 and therefore deny the same.

680.    The James E. Goodman Defendants deny the characterizations in paragraph 680 and therefore deny the same.

681.    The James E. Goodman Defendants deny the allegations in paragraph 681.

682.     The James E. Goodman Defendants deny the allegations in paragraph 682.

683.     The James E. Goodman Defendants admit that FedEx asked for repayment of funds on multiple occasions.  The James E. Goodman Defendants deny that $67 million (or more) in funds were "stolen" from FedEx.

684.     The James E. Goodman Defendants deny the characterization of the funds as "stolen."  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 684.

685.     Paragraph 685 is a conclusion of law.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 685.

686.     The James E. Goodman Defendants admit that FedEx prays for the relief described in paragraph 686 but deny that FedEx is entitled to such relief.

## Cause No. 4

687.     The James E. Goodman Defendants incorporate their responses to paragraphs 1-686 above.

688.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 688 and therefore deny the same.

689.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 689 and therefore deny the same.

690.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 690 and therefore deny the same.

691.     The James E. Goodman Defendants deny that the actions described in paragraph 691 were carried out with James E. Goodman's blessing or approval, if they were carried out at

all.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 691 and therefore deny the same.

692.     Paragraph 692 is a conclusion of law.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 692.

693.     Paragraph 693 is a conclusion of law.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 693.

694.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 694 and therefore deny the same.

695.     The James E. Goodman Defendants deny the characterizations in paragraph 695 and therefore deny the same.

696.     The James E. Goodman Defendants deny the characterizations in paragraph 696 and therefore deny the same.

697.     The James E. Goodman Defendants deny the allegations in paragraph 697.

698.     The James E. Goodman Defendants deny the allegations in paragraph 698.

699.     The James E. Goodman Defendants deny the allegations in paragraph 699.

700.     The James E. Goodman Defendants admit that FedEx prays for the relief described in paragraph 700 but deny that FedEx is entitled to such relief.

## Cause No. 5

701.     The James E. Goodman Defendants incorporate their answers to paragraphs 1-700.

702.     The James E. Goodman Defendants deny the allegations in paragraph 702 insofar as they pertain to James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 702 and therefore deny the same.

703.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 703 and therefore deny the same.

704.    The James E. Goodman Defendants admit the allegations in paragraph 704.

705.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 705 and therefore deny the same.

706.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 706 and therefore deny the same.

707.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 707 and therefore deny the same.

708.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 708 and therefore deny the same.

709.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 709 and therefore deny the same.

710.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 710 and therefore deny the same.

711.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 711 and therefore deny the same.

712.    The James E. Goodman Defendants deny that James E. Goodman worked with Jim Frinzi to accomplish paragraph 712(1) and paragraph 712(3).  The James E. Goodman Defendants admit that James E. Goodman worked with Jim Frinzi to grant him access to Goodman Networks' bank accounts as part of Frinzi's role as CEO of Goodman Networks.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 712 and therefore deny the same.

713.    The James E. Goodman Defendants deny the allegations in paragraph 713 insofar as they relate to James E. Goodman's knowledge or conduct.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 713 and therefore deny the same.

714.    The James E. Goodman Defendants deny the allegations in paragraph 714 insofar as they relate to James E. Goodman's knowledge or conduct.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 714 and therefore deny the same.

715.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 715 and therefore deny the same.

716.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 716 and therefore deny the same.

717.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 717 and therefore deny the same.

718.    The James E. Goodman Defendants admit the allegations in paragraph 718.

719.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 719 and therefore deny the same.

720.    The James E. Goodman Defendants deny the characterization of events in paragraph 720 and therefore deny the same.

721.    The James E. Goodman Defendants admit the allegations in paragraph 721.

722.    The James E. Goodman Defendants deny the allegations in paragraph 722.

723.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 723 and therefore deny the same.

724.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 724 and therefore deny the same.

725.    Paragraph 725 is a conclusion of law.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 725.

726.    The James E. Goodman Defendants deny that James E. Goodman made any knowing misrepresentations to FedEx and therefore deny that James E. Goodman intended FedEx to rely on such misrepresentations.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 726 and therefore deny the same.

727.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 727 and therefore deny the same.

728.    The James E. Goodman Defendants deny the characterizations in paragraph 728 and therefore deny the same.

729.    The James E. Goodman Defendants deny the characterizations in paragraph 729 and therefore deny the same.

730.    The James E. Goodman Defendants admit that FedEx seeks the relief described in paragraph 730 but deny that FedEx is entitled to such relief.

731.    The James E. Goodman Defendants admit that FedEx seeks the relief described in paragraph 731 but deny that FedEx is entitled to it and deny the remaining allegations in paragraph 731.

732.    The James E. Goodman Defendants admit that FedEx seeks the relief described in paragraph 732 but deny that FedEx is entitled to it and deny the remaining allegations in paragraph 732.

## Cause No. 6

733.    The James E. Goodman Defendants incorporate their answers to paragraphs 1-732 by reference.

734.    The James E. Goodman Defendants admit the allegations in paragraph 734.

735.    The James E. Goodman Defendants admit the allegations in paragraph 735.

736.    The James E. Goodman Defendants deny the allegations in paragraph 736.  The assignment was intended to be to GNET ATC, a wholly owned subsidiary of Goodman Networks.

737.    The James E. Goodman Defendants deny the allegations in paragraph 737.

738.    The James E. Goodman Defendants deny the allegations in paragraph 738 insofar as they relate to James E. Goodman.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 738 and therefore deny the same.

739.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 739 and therefore deny the same.

740.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 740 and therefore deny the same.

741.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 741 and therefore deny the same.

742.    The James E. Goodman Defendants admit that James Goodman had meetings with Bater Bates in October 2021.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether Jim Frinzi had meetings with Bater Bates and therefore deny the same.  The James E. Goodman Defendants deny the remaining allegations in paragraph 742.

743.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 743 and therefore deny the same.

744.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 744 and therefore deny the same.

745.     The James E. Goodman Defendants deny the characterizations in paragraph 745 and therefore deny the same.

746.     The James E. Goodman Defendants admit that Jim Frinzi wrote the memo described in paragraph 746.  The James E. Goodman Defendants deny the remaining allegations in paragraph 746.

747.     The James E. Goodman Defendants deny that James Goodman knew about or gave his blessing to the actions described in paragraph 747.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 747 and therefore deny the same.

748.     Paragraph 748 calls for a legal conclusion.  To the extent that an answer is required, the document speaks for itself.

749.     Paragraph 749 calls for a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 749.

750.     The James E. Goodman Defendants deny the allegations in paragraph 750 insofar as they relate to the conduct or knowledge of James E. Goodman.   The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 750 and therefore deny the same.

751.     The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 751 and therefore deny the same.

752.    The James E. Goodman Defendants deny the allegations in paragraph 752.

753.    Paragraph 753 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 753.

754.    Paragraph 754 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 754.

755.    The James E. Goodman Defendants admit the allegations in paragraph 755.

756.    The James E. Goodman Defendants admit that Ana McCollum asked for signed corporate resolutions and that she permitted transfer of control of the accounts.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 756 and therefore deny the same.

757.    The James E. Goodman Defendants deny that no valid corporate authorization was possible and therefore deny the allegations in paragraph 757.

758.    The James E. Goodman Defendants deny that they could not get valid corporate authorization to change the signors on the bank accounts.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 758 and therefore deny the same.

759.    The first sentence of paragraph 759 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in the first sentence of paragraph 759.  The James E. Goodman Defendants deny the characterizations in the remainder of paragraph 759 and therefore deny the same.

760.    The James E. Goodman Defendants deny the allegations in the first sentence of paragraph 760.  The James E. Goodman Defendants admit that FedEx seeks the relief described in the second sentence of paragraph 760 but deny that FedEx is entitled to such relief.

80

761.    The James E. Goodman Defendants deny that James E. Goodman took intentional, fraudulent actions.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny whether Jim Frinzi or Prosperity Bank took intentional, fraudulent actions and therefore deny the same.  The James E. Goodman Defendants admit that FedEx seeks the relief described in paragraph 761 but deny that they are entitled to it.

## Cause No. 7

762.    The James E. Goodman Defendants incorporate their responses to paragraphs 1-761 above.

763.    The James E. Goodman Defendants admit that FedEx asserted the cause described in paragraph 763 but deny the substance of that cause of action.

764.    The James E. Goodman Defendants incorporate their responses to Cause No. 1.

765.    The James E. Goodman Defendants deny the allegations of paragraph 765.

766.    The James E. Goodman Defendants admit that FedEx asserts the statements in paragraph 766 but deny that the assertions are accurate.

767.    The James E. Goodman Defendants deny the allegations in paragraph 767.

768.    The James E. Goodman Defendants admit that FedEx seeks the relief described in paragraph 768 but deny that FedEx is entitled to such relief.

769.    The James E. Goodman Defendants deny that the actions described were intentional and fraudulent.  The James E. Goodman Defendants admit that FedEx seeks the relief described in paragraph 769 but deny that FedEx is entitled to such relief.

## Cause No. 8

770. The James E. Goodman Defendants incorporate their responses to paragraphs 1-769, above.

771. The James E. Goodman Defendants admit the allegations in paragraph 771.

772. Paragraph 772 is a legal conclusion. To the extent that an answer is required, the James E. Goodman Defendants admit the allegations in paragraph 772.

773. The James E. Goodman Defendants admit the allegations in paragraph 773.

774. The James E. Goodman Defendants admit the allegations in paragraph 774.

775. The James E. Goodman Defendants admit the allegations in paragraph 775.

776. The James E. Goodman Defendants admit the allegations in paragraph 776.

777. Paragraph 777 is a legal conclusion. To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 777.

778. The James E. Goodman Defendants admit that the Fourth Amended Bylaws were sent to Prosperity Bank in September 2021. The James E. Goodman Defendants deny the characterizations in paragraph 778 and therefore deny the same.

779. The James E. Goodman Defendants admit the allegations in paragraph 779.

780. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 780 and therefore deny the same.

781. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 781 and therefore deny the same.

782. The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 782 and therefore deny the same.

4900-8464-0058, v. 5

783.    The James E. Goodman Defendants admit that James E. Goodman had met with Bater Bates several times prior to November 17, 2021.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 783 and therefore deny the same.

784.    The James E. Goodman Defendants admit that Ana McCollum repeatedly requested written authorization to give Frinzi signatory power over the 4352 Account.  The James E. Goodman Defendants admit that an unsigned version of the Fifth Amended Bylaws were sent but lack sufficient knowledge to admit or deny whether said bylaws were fraudulent.  The James E. Goodman Defendants deny the remaining allegations in paragraph 784.

785.    The James E. Goodman Defendants admit that Prosperity Bank ultimately gave Jim Frinzi authority over the 4352 account but deny the characterizations and remaining allegations in paragraph 785.

786.    Paragraph 786 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 786.

787.    Paragraph 787 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 787.

788.    Paragraph 788 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 788.

789.    Paragraph 789 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 789.

## Cause No. 9

790.    The James E. Goodman Defendants incorporate their responses to paragraphs 1-789 above.

791.    Paragraph 791 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants admit the allegations in paragraph 791.

792.    Paragraph 792 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 792.

793.    Paragraph 793 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 793.

794.    Paragraph 794 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 794.

795.    The James E. Goodman Defendants admit that Prosperity Bank had been sent a copy of the Fourth Amended Bylaws in September 2021.  The James E. Goodman Defendants deny the remaining allegations in paragraph 796.

796.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 796 and therefore deny the same.

797.    The James E. Goodman Defendants deny the allegations in paragraph 797.

798.    The James E. Goodman Defendants admit that James E. Goodman worked with Bater Bates and Ana McCollum to transfer control over Goodman Networks' accounts to Frinzi in his role as CEO.  The James E. Goodman Defendants deny the remaining allegations in paragraph 798.

799.    The James E. Goodman Defendants admit that the Fifth Amended Bylaws sent to Prosperity Bank by Jim Frinzi were unsigned.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 799 and therefore deny the same.

800.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 800 and therefore deny the same.

801.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 801 and therefore deny the same.

802.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 802 and therefore deny the same.

803.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 803 and therefore deny the same.

804.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 804 and therefore deny the same.

805.    The James E. Goodman Defendants admit the allegations in paragraph 805.

806.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 806 and therefore deny the same.

807.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 807 and therefore deny the same.

808.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 808 and therefore deny the same.

809.    Paragraph 809 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 809.

810.    Paragraph 810 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 810.

811.    Paragraph 811 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 811.

812.    The James E. Goodman Defendants deny there was a conspiracy.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 812 and therefore deny the same.

813.    Paragraph 813 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 813.

814.    Paragraph 814 is a legal conclusion.  To the extent an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 814.

## Cause No. 10

815.    The James E. Goodman Defendants incorporate their responses to paragraphs 1-814 above.

816.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 816 and therefore deny the same.

817.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 817 and therefore deny the same.

818.    The James E. Goodman Defendants admit the allegations in paragraph 818.

819.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 819 and therefore deny the same.

820.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 820 and therefore deny the same.

821.    The James E. Goodman Defendants admit that the Fourth Amended Bylaws were sent to Prosperity Bank in September 2021.  The James E. Goodman Defendants deny the remaining allegations in paragraph 821.

822.    The James E. Goodman Defendants admit the allegations in paragraph 822.

823.    The James E. Goodman Defendants deny the allegations in paragraph 823.

824.    The James E. Goodman Defendants deny the characterization of events in paragraph 824 and therefore deny the same.

825.    The James E. Goodman Defendants deny the characterization of events in paragraph 825 and therefore deny the same.

826.    The James E. Goodman Defendants admit the allegations in paragraph 826.

827.    The James E. Goodman Defendants admit the allegations in paragraph 827.

828.    The James E. Goodman Defendants admit the allegations in paragraph 828.

829.    The James E. Goodman Defendants admit the allegations in paragraph 829.

830.    The James E. Goodman Defendants admit the allegations in paragraph 830.

831.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 831 and therefore deny the same.

832.    The James E. Goodman Defendants deny the allegations in paragraph 832.

833.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 833 and therefore deny the same.

834.    The James E. Goodman Defendants deny the characterization of events in paragraph 834 and therefore deny the same.

835.    The James E. Goodman Defendants deny that James E. Goodman did not have the authority to grant control over the 4352 Account.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 835 and therefore deny the same.

836.    The James E. Goodman Defendants admit the allegations in paragraph 836.

837.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 837 and therefore deny the same.

838.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 838 and therefore deny the same.

839.    The James E. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 839 and therefore deny the same.

840.    The James E. Goodman Defendants admit that Prosperity Bank recognized Frinzi as having control over the 4352 Account as of early January 2022.  The James E. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 840 and therefore deny the same.

841.    The James E. Goodman Defendants deny the allegations in paragraph 841.

842.    The James E. Goodman Defendants admit the allegations in paragraph 842.

843.    Paragraph 843 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 843.

844.    Paragraph 844 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 844.

845.    Paragraph 845 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 845.

846.    Paragraph 846 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants admit the allegations in paragraph 846.

847.    Paragraph 847 is a legal conclusion.  To the extent that an answer is required, the James E. Goodman Defendants deny the allegations in paragraph 847.

4900-8464-0058, v. 5

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's damages, if any, were caused by its own comparative fault and negligence.

2.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

3.    The relief requested in the Complaint should be denied because the alleged damages, if any, were caused by the acts and omissions of one or more third persons or parties over whom the James E. Goodman Defendants had no control.

4.    Plaintiff's claims are barred by the doctrine of *in pari delicto*.

5.    Plaintiff's claims are barred by waiver or estoppel.

6.    Plaintiff's claims are barred, in whole or in part, by ratification.

7.    Plaintiff's claims are barred, in whole or in part, by equitable release.

8.    Plaintiff's claims are barred, in whole or in part, by express or implied release.

9.    The claims and relief requested in Plaintiff's Complaint are barred because at all times and in all transactions, the James E. Goodman Defendants acted in good faith.

10.    The James E. Goodman Defendants are entitled to offset for certain of Plaintiff's claims.

11.    The James E. Goodman Defendants are entitled to credits for payments made by other parties, nonparties, and responsible third parties, including but not limited to by the Estate of Goodman Networks Inc.

12.    Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

13.     The James E. Goodman Defendants reserve their rights, including but not limited to, upon completion of investigation and discovery, to supplement or amend their responses or defenses as may be appropriate and to raise further defenses.

**<u>JURY DEMAND</u>**

14.     The James E. Goodman Defendants demand a trial by jury and tender the jury fee.

WHEREFORE, the James E. Goodman Defendants pray that Plaintiff takes nothing and that the Court grant the James E. Goodman Defendants such other and further relief to which it is justly entitled.

Date:  May 30, 2025

**PULMAN, LEFLORE, PULLEN & REED, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:   */s/ Randall A. Pulman*
        Randall A. Pulman
        Texas State Bar No. 16393250
        rpulman@pulmanlaw.com
        Kerry S. Alleyne-Simmons
        Texas State Bar No. 24066090
        kalleyne@pulmanlaw.com
        Matthieu Belanger-Coast
        Texas State Bar No. 24128756
        matthieu@pulmanlaw.com

***Counsel for James E. Goodman, Goodman Investment Holdings, LLC, and Unified Field Services, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2025, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF electronic notification system.


*/s/ Randall A. Pulman*
Randall A. Pulman

4900-8464-0058, v. 5